931 F.2d 390
 33 Soc.Sec.Rep.Ser. 221
 Dorothy WILLIS, Plaintiff-Appellant (88-5855/5857),
Plaintiff-Appellee (89-6297), Cross-Appellee (88-6192),
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee (88-5855/5857),
Defendant-Appellant (89-6297),
Cross-Appellant (88-6192).
 Nos. 88-5855, 88-5857, 88-6192 and 89-6297.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 8, 1990.
Decided April 30, 1991.
 
 Eugene C. Gaerig (argued), Memphis, Tenn., for Dorothy Willis.
 W. Hickman Ewing, Jr., U.S. Atty., Tony R. Arvin, Asst. U.S. Atty., Memphis, Tenn., Bruce Granger, Mack A. Davis, Mary Ann Sloan, Holly A. Grimes, Department of Health and Human Services, Atlanta, Ga., Mark S. Ledford (argued), Department of Health and Human Services, Social Sec. Div., Baltimore, Md., for Louis W. Sullivan, M.D., Secretary of Health and Human Services.
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Plaintiff-appellant Dorothy Willis ("Willis"), appeals the sufficiency of the attorney's fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412, issued upon her successful claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. Sec. 1381 et seq. Defendant-appellee Secretary of Health and Human Services (the "Secretary") cross-appeals the district court's reversal of the Secretary's determination that Willis was ineligible to receive SSI benefits due to excess income on the grounds that the district court lacked subject matter jurisdiction to grant mandamus relief. The Secretary also cross-appeals the award of attorney's fees under the EAJA. For the reasons stated below, we vacate the judgment of the district court ordering the Secretary to pay SSI benefits and remand the case to be dismissed for lack of subject matter jurisdiction. We also reverse in part the district court's award of attorney's fees because we conclude that the Secretary's position was substantially justified in its position during these proceedings.
 
 I. PROCEDURAL HISTORY
 
 2
 A. Disability Determination.
 
 
 3
 On May 20, 1981, Willis applied for both disability insurance benefits under Title II of the Act, 42 U.S.C. Sec. 401 et seq., and SSI benefits under Title XVI of the Act, 42 U.S.C. Sec. 1381 et seq., asserting that she was disabled. Based on Willis' level of income as provided in her SSI application, the Social Security Administration ("SSA") made a preliminary determination that if Willis was in fact found to be disabled, she would be entitled to SSI benefits in addition to disability insurance benefits because her income level at that time was below the statutory maximum prescribed in 42 U.S.C. Sec. 1382.[1] However, on July 30, 1981, the SSA issued an initial determination finding Willis not to be disabled. That determination was affirmed by an administrative law judge (ALJ) and the Appeals Council denied review.
 
 
 4
 Willis filed an action in district court on April 29, 1983, seeking review of the Appeals Council's decision pursuant to 42 U.S.C. Sec. 405(g). On April 11, 1984, the district court entered judgment remanding the case for a rehearing on the issue of Willis' disability. On remand, the ALJ concluded that Willis was disabled under Title II of the Act as of August 13, 1980. The Appeals Council affirmed that decision on January 17, 1985. At that time, the Appeals Council notified Willis that she was entitled to disability benefits and that the SSA would "advise the claimant regarding the nondisability requirements [for SSI payments under Title XVI] and, if eligible, the amount and month(s) for which payment will be made." (Emphasis added.) Further, in a cover letter which accompanied the decision, the Appeals Council explained that:[B]efore supplemental security income may be paid, a determination must be made as to whether the income and resource provisions of the Act are met. You and your client will be advised regarding the non-disability requirements and, if eligible, the amount and the month(s) from which payment will be made.
 
 
 5
 B. Determination of Excess Income for SSI Benefits.
 
 
 6
 On January 23, 1985, Willis filed a motion in district court requesting the court to: rule that she was a prevailing party; enter a final judgment stating that she was entitled to both disability benefits under Title II and SSI benefits under Title XVI; and order the Secretary to file a calculation of benefits due her under both Titles II and XVI from August 13, 1980 through the date of the motion. On March 5, 1985, the Secretary filed a notice of action taken during remand and a motion to affirm the Secretary's decision awarding only Title II disability benefits. On March 6, 1985, the district court affirmed the Appeals Council's decision on remand and ordered the Secretary to file calculations with the court showing benefits due under both Titles II and XVI. On March 15, 1985, Willis filed a petition for attorney's fees under the EAJA.
 
 
 7
 In furtherance of the district court's order to compute and file calculations, the Appeals Council notified Willis by letter that, since she was entitled to Title II disability benefits, she would also be eligible for Title XVI SSI benefits provided she still met the statutory income requirements. The letter requested Willis to submit updated financial information for the period up to January 17, 1985. Willis submitted additional financial information which revealed that from October 1983 through September 1984 she had received $135 per month from her children.
 
 
 8
 Relying on this new information, the SSA issued a notice of decision on April 2, 1985, stating that Willis was not eligible for SSI benefits for the entire period from August 13, 1980 through March 1985 as a result of the income received from her children[2] during that time, combined with the deemed income she received from her husband.[3] The notice explained that Willis was ineligible for SSI benefits from May 1981 through September 1983, and from October 1984 to the date of the decision, because the deemed income from her spouse alone exceeded the Federal Benefit Rate. The notice further explained that the income Willis received from her children rendered her ineligible for benefits from October 1983 through September 1984. The notice did not explain that the Secretary had also included retroactive Title II disability benefits attributed to the months October 1983 through March 1985, in addition to income Willis received from her children, in determining that Willis was ineligible for benefits from October 1983 through September 1984. The notice contained a statement to the effect that Willis could request reconsideration of the decision within sixty days:
 
 
 9
 If you believe that this determination is not correct, you may request a reconsideration. You must make this request no later than 60 days from the date you receive this notice. You may make this request through your local Social Security Office. If additional evidence is available, you should submit it with your request.[4]
 
 
 10
 On April 18, 1985, the Secretary issued Willis a net lump sum Title II disability insurance benefit check of $6,929.70, representing the gross $9,239.00 award with 25% withheld for attorney's fees.[5]
 
 
 11
 C. Claimant's Motion for Contempt/Mandamus.
 
 
 12
 Instead of requesting reconsideration of this decision, Willis filed a motion for contempt or, in the alternative, for a writ of mandamus pursuant to 28 U.S.C. Sec. 1361, seeking to compel payment of SSI benefits on April 8, 1985. The Secretary opposed the motion. On March 21, 1986, the magistrate issued a report recommending that the district court order the Secretary to comply with its March 6, 1985 order. The magistrate also recommended that the court order the Secretary to award the retroactive lump sum social security benefits without consideration of Willis' income.
 
 
 13
 On June 3, 1988, the district court reaffirmed its earlier March 6, 1985 decision and adopted the magistrate's report which required the Secretary to pay Willis social security benefits and precluded the Secretary from considering income as a criteria for eligibility under Title XVI. The court ordered the Secretary to file computations for SSI benefits within thirty (30) days, stating that the Secretary was permitted "to offset the Title II benefits paid Ms. Willis against the amount of Title XVI benefits yet to be determined."
 
 
 14
 The Secretary responded by computing Willis' SSI benefits in two ways. The first calculation included in Willis' countable income only her retroactively attributed Title II disability benefits, for a total $7,246.10 retroactive SSI benefit award. The second calculation included in Willis' countable income not only her retroactively attributed Title II disability benefits, but also her deemed income from her spouse, for a total $0 retroactive SSI benefit award.[6] On July 13, 1989, the district court accepted the first calculation and ordered that $7,246.10 in SSI benefits be paid to Willis. Judgment was entered on August 7, 1989. On October 4, 1985, the Secretary timely filed a notice of appeal.
 
 
 15
 D. EAJA Attorney Fees.
 
 
 16
 On March 15, 1985, Willis filed a petition for attorney fees under the EAJA, 28 U.S.C. Sec. 2412(d), which the Secretary opposed. On March 5, 1986, Willis' attorney submitted to the court a detailed record of hours spent on the case through January 1985. In the petition Willis requested a total of 113.90 hours, at the rate of $100.00 per hour.
 
 
 17
 On March 21, 1986, the magistrate issued a report and recommendation advising that Willis' attorney receive EAJA attorney fees for 56 of the 113.90 hours requested at a rate of $75.00 per hour. Of those hours, the magistrate recommended that the request for 41.40 hours be for work performed during administrative proceedings prior to judicial review 3.10 hours be for time spent in an unsuccessful attempt to convince the court to reject the magistrate's report and recommendation be denied. Further, the magistrate advised that 14.70 hours spent in the subsequent administrative hearing before the Secretary be denied. Finally, the magistrate rejected counsel for plaintiff's request for an EAJA award of $100.00 per hour, based on this court's decision in Chipman v. Secretary of Health and Human Serv., 781 F.2d 545, 547 (6th Cir.1986). Thus it was recommended that a total of $4,200.00 be awarded (56 hours times $75.00 per hour). Both parties filed objections.
 
 
 18
 On July 25, 1986, Willis supplemented her request for EAJA fees to reflect time spent by her attorney from January 1985 to July 1986. In that motion, Willis reduced her request for attorney fees to $75.00. The Secretary opposed the amended petition. The district court referred the amended EAJA petition back to the magistrate, who issued a supplemental report recommending that Willis receive the previously recommended amount of $4,200.00 plus 22.40 of the 29.70 additional hours requested, equalling a total attorney fee amount of $5,880.00. Both parties objected. On June 3, 1988, the district court adopted the magistrate's August 13, 1987 report and final judgment was entered on June 30, 1988.
 
 
 19
 Willis appealed and the Secretary cross-appealed. On December 16, 1988, this court consolidated both parties' appeals. Upon motion of the Secretary, this court also stayed proceedings of the consolidated attorney fee appeals until a final judgment on the merits was obtained on August 7, 1989. After the Secretary appealed the district court's August 7, 1989 final judgment, this court consolidated that appeal with the previously consolidated attorney fee appeals.
 
 II. DISCUSSION
 
 20
 A. Subject Matter Jurisdiction.
 
 
 21
 The court has jurisdiction over the parties' appeal of the district court's final judgments pursuant to 28 U.S.C. Sec. 1291. Our initial inquiry must be whether the district court properly asserted jurisdiction over Willis' mandamus action before we consider the merits of her appeal. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981); Hironymous v. Bowen, 800 F.2d 888, 891 (9th Cir.1986); Fed.R.Civ.P. 12(h)(3). We review a district court's findings as to subject matter jurisdiction de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990) (citations omitted). Accordingly, we turn to the Secretary's first argument on cross-appeal.
 
 
 22
 The Secretary argues that the district court lacked subject matter jurisdiction to review the SSA's initial determination issued on April 2, 1985 denying Willis SSI benefits due to excess income because Willis failed to exhaust her administrative remedies and thereby obtain a final decision of the Secretary. Without a final decision, the Secretary argues that the district court lacked jurisdiction under 42 U.S.C. Sec. 405(g), which provides the basis of a district court's jurisdiction over claims arising under the Act. Thus, the Secretary contends that the district court similarly lacked authority to grant mandamus relief because Willis had an alternative basis to seek judicial review under section 405(g), which she chose not to pursue.
 
 
 23
 In this case Willis requested mandamus relief, and we must therefore consider whether mandamus provided a proper basis for the district court's exercise of jurisdiction in this case. Mandamus jurisdiction in federal courts is codified at 28 U.S.C. Sec. 1361, which provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 2022-23, 80 L.Ed.2d 622 (1984) (citations omitted). In applying this rule this court has held:
 
 
 24
 The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should [be] issue[d]. Accordingly, jurisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused.
 
 
 25
 Slone v. Secretary of Health and Human Serv., 825 F.2d 1081, 1083 (6th Cir.1987) (internal quotations and citations omitted); see Bisson v. Secretary of Health and Human Serv., 787 F.2d 181, 185 (6th Cir.1986). We must therefore consider whether Willis has exhausted her administrative remedies under the Act.
 
 
 26
 Judicial review of social security claims is governed by 42 U.S.C. Secs. 405(g) and 405(h). Under 405(g):[7]
 
 
 27
 [a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.
 
 Section 405(h) states:
 
 28
 The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
 
 
 29
 The first two sentences of section 405(h) guarantee that the "administrative exhaustion will be required. Specifically, they prevent review of decisions of the Secretary save as provided in the [Social Security] Act, which provision is made in Sec. 405(g)." Weinberger v. Salfi, 422 U.S. 749, 757, 95 S.Ct. 2457, 2463, 45 L.Ed.2d 522 (1975). As for the third sentence of section 405(h), the Supreme Court has on four occasions declined to rule on whether it constitutes an absolute bar to mandamus relief. See Ringer, 466 U.S. at 602, 104 S.Ct. at 2013; Califano v. Yamasaki, 442 U.S. 682, 698, 99 S.Ct. 2545, 2556, 61 L.Ed.2d 176 (1979); Mathews v. Eldridge, 424 U.S. 319, 332 n. 12, 96 S.Ct. 893, 901 n. 12, 47 L.Ed.2d 18 (1976); Norton v. Mathews, 427 U.S. 524, 528-33, 96 S.Ct. 2771, 2773-76, 49 L.Ed.2d 672 (1976). This circuit has also declined to rule on the issue. See Slone, 825 F.2d at 1083; Bisson, 787 F.2d at 185. Because we determine that the district court was without jurisdiction to review Willis' petition, we likewise defer the issue for future resolution.
 
 
 30
 Three conditions must be satisfied to obtain judicial review under Sec. 405(g): (1) a final decision of the Secretary after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Secretary may permit; (3) filing of the action in the appropriate district court. 42 U.S.C. Sec. 405(g); Salfi, 422 U.S. at 763-64, 95 S.Ct. at 2465-66. The last two requirements are waivable by the parties; the first requirement of a final decision, because it is "central to the requisite grant of subject-matter jurisdiction," is not waivable. Salfi, 422 U.S. at 764, 95 S.Ct. at 2466.
 
 
 31
 Here we are concerned only with the first condition. The Supreme Court has held that the finality requirement consists of two elements. First, a claim for benefits must be presented to the Secretary. This element is jurisdictional, and absent such a claim there can be no review. Second, the decision must be final in that the claimant has exhausted the administrative remedies prescribed by the Secretary. This element is not jurisdictional and can be waived by the Secretary, and in certain circumstances, the court. Bowen v. City of New York, 476 U.S. 467, 482-83, 106 S.Ct. 2022, 2031-32, 90 L.Ed.2d 462 (1986); Eldridge, 424 U.S. at 328, 96 S.Ct. at 899; see also Ahghazali v. Secretary of Health and Human Serv., 867 F.2d 921, 924 (6th Cir.1989); accord, Salfi, 422 U.S. at 763-64, 95 S.Ct. at 2465-66.
 
 
 32
 The Secretary contends that Willis has failed to satisfy the exhaustion prong of the finality requirement. The term "final decision" is left undefined by the Act and pursuant to 42 U.S.C. Sec. 405(a),[8] the Secretary is authorized to define a "final decision" in whatever fashion deemed necessary for the efficient and effective administration of the Act. Salfi, 422 U.S. at 766, 95 S.Ct. at 2467. The Secretary and Congress have established an "unusually protective" four step process to facilitate the orderly and sympathetic administration of disputed claims, Heckler v. Day, 467 U.S. 104, 106, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984); which culminates in a final decision of the Secretary subject to judicial review. See 20 C.F.R. Secs. 416.1402-416.1483. First, a claimant is entitled to an initial determination[9] of disability. 42 U.S.C. Sec. 421(a); 20 C.F.R. Sec. 404.1503. Secondly, if dissatisfied, the claimant may request a de novo reconsideration of that determination. 20 C.F.R. Secs. 404.907-404.921. Third, if still dissatisfied, the claimant is entitled to an evidentiary hearing and a de novo review before an ALJ. 42 U.S.C. Sec. 405(b); 20 C.F.R. Secs. 404.929-404.961. Fourth, the claimant may take an appeal to the Appeals Council. 20 C.F.R. Secs. 404.967-404.983. The claimant may then seek judicial review in federal district court. 42 U.S.C. Sec. 405(g). Day, 467 U.S. at 106-07. Thus, for purposes of the finality requirement of Sec. 405(g), a claim becomes final after the Appeals Council renders its decision.
 
 
 33
 In this case, Willis sought mandamus relief from the district court on April 8, 1985, six days after she received the SSA's post-remand notice of decision denying her application of SSI benefits,[10] despite the fact that the notice instructed her to request a reconsideration within sixty days from the date of receipt. It is clear that the notice denying Willis' application for SSI benefits due to excess income was an "initial determination" because further administrative remedies were available. Thus, Willis did not obtain a "final decision" of the Secretary and the district court therefore lacked subject matter jurisdiction to review the Secretary's determination. In addition, this failure to exhaust her administrative remedies also operates as a bar to Willis' mandamus action. She is thus bound by the SSA's April 2, 1985 determination denying her SSI benefits due to excess income.[11]
 
 
 34
 Willis' mandamus motion was expressly based on her assertion that the Secretary lacked discretion to initiate any inquiry into her income level following the district court's March 6, 1985 order finding her disabled and ordering the filing of calculations. We do not agree. The March 6, 1985 order was merely affirming the Secretary's finding of disability on remand. At this juncture, the district court had only remanded the case for a hearing on Willis' disability. Thus, her income and eligibility for SSI benefits had never been at issue before the district court. After remand, the Appeals Council, in its decision dated January 17, 1985, found that Willis met the medical disability standards for both Title II and Title XVI and that she was eligible for Title II benefits. That decision also made clear that further consideration of Willis' nondisability requirements was necessary before Title XVI benefits could issue. The Secretary then proceeded to evaluate Willis' eligibility for SSI benefits in light of the new income information she submitted after remand. Moreover, after the Secretary determined that Willis was not eligible for SSI benefits due to excess income, it informed her of her right to seek administrative review of that claim. Thus, the contention that the Secretary was without authority to evaluate Willis' income eligibility for SSI benefits is without merit.
 
 
 35
 Even if the Secretary had acted improperly initially in requiring further administrative hearings on the issue of Willis' financial eligibility for purposes of Title XVI, once the Secretary had established that further administrative relief was available, Willis was required to pursue that course of action before proceeding to federal court. In Bisson, the claimant filed a writ of mandamus after the Secretary allegedly abused his discretion in untimely reopening an ALJ decision regarding the expiration date of the claimant's insured status for purposes of Title II benefits. In reversing the district court's grant of summary judgment for the Secretary, we explained that mandamus jurisdiction was improper because the claimant had not exhausted his administrative remedies:
 
 
 36
 It is true that at the time of filing her complaint it was unclear whether administrative avenues were open to plaintiff, but the July 17, 1984 notice to plaintiff that the Appeals Council was reopening her case gave her the opportunity to submit further evidence and arguments and to request oral argument.... Whether or not the Council ought to have done so, once it reopened the case plaintiff had an adequate remedy in proceeding as the Council directed and then, if necessary, bringing suit under Sec. 405(g).
 
 
 37
 Bisson, 787 F.2d at 185.
 
 
 38
 Likewise, in Slone, the claimant filed a writ of mandamus after the Secretary allegedly abused its discretion by reopening and reversing, allegedly without good cause, the ALJ's determination awarding disability benefits. In affirming the district court's dismissal of the petition, we held that, regardless of whether the Secretary's action in reopening the case was improper, the claimant had failed to satisfy the exhaustion of remedies requirement for obtaining a writ of mandamus:
 
 
 39
 Unlike the decision to reject a claimant's request to reopen his case, the Secretary's decision to reopen Slone's case resulted in a hearing and a final decision on the merits. Hence, the Secretary's decision produced the particular type of agency action that is subject to judicial review under Sec. 405(g).
 
 
 40
 Slone, 825 F.2d at 1084.[12] Thus, like the claimant's in Bisson and Slone, Willis' cause of action had adequate administrative and judicial avenues of relief despite her contention that the Secretary lacked the discretion to consider the nondisability requisites for entitlement to SSI benefits.
 
 
 41
 Nor do we find any evidence in the record to indicate that the exhaustion requirement may be excused. At no time did the Secretary waive that requirement, but instead specifically argued to the district court that if Willis disagreed with the SSA's determination denying her SSI benefits her "proper recourse ... is to request reconsiderations of this determination under 20 C.F.R. Secs. 416.1405 and 416.1407." See Ahghazali, 867 F.2d at 926-27 (where we held that a stipulation and answer filed by the Secretary conceding that the plaintiff had obtained a "final decision" constituted a waiver of the exhaustion requirement and barred the Secretary from asserting that the district court lacked subject matter jurisdiction under 42 U.S.C. Sec. 405(g)). Nor can we excuse Willis' failure to exhaust on the grounds that her claim is "wholly collateral" to her claim for benefits, since Willis is expressly seeking the payments of the SSI benefits. See Ringer, 466 U.S. at 602, 104 S.Ct. at 2013 (Supreme Court held that exhaustion requirement could not be excused in plaintiff's mandamus action where it concluded that plaintiff's "procedural" challenge to Secretary's policy of prohibiting payment for medicare claims arising out of bilateral carotid body resection surgical procedure was "inextricably intertwined" with plaintiff's claim for benefits); Slone, 825 F.2d at 1084 (this court held that claimant's petition was correctly characterized as one that essentially sought the payment of benefits for which further exhaustion would not have been futile); Bisson, 787 F.2d at 185 (mandamus denied where relief requested by plaintiff result plaintiff would have been resolution of the issue of whether plaintiff's coverage for disability benefits was extended); Hironymous v. Bowen, 800 F.2d 888 (9th Cir.1986) (where claimant sought to overturn Secretary's findings that he was ineligible for SSI benefits on the basis of his adjusted resources the court held that although the writ would not entail award of benefits, it would remove the Secretary's consideration a substantive factor immediately relevant to underlying claim and was therefore "inextricably intertwined" with claim for benefits).
 
 
 42
 In sum, we conclude that plaintiff was not entitled to mandamus relief since she failed to exhaust her administrative remedies. We therefore hold that the district court abused its discretion in granting mandamus relief.
 
 
 43
 B. Award of EAJA Attorney Fees.
 
 
 44
 Both parties raise various challenges to the district court's award of EAJA attorney fees. We review EAJA awards for attorney fees under an abuse of discretion standard. Perket v. Secretary of Health and Human Serv., 905 F.2d 129, 132 (6th Cir.1990) (citation omitted). Thus the district court's factual findings are reviewed for clear error, while legal conclusions are reviewed de novo. Id.
 
 1.
 
 45
 On appeal Willis contends that the district court abused its discretion in denying her request for EAJA attorney fees for 41.4 hours for work performed by her attorney during the administrative proceedings prior to judicial review of her disability claim. The Secretary counters that the administrative proceedings prior to judicial review were clearly nonadversarial and therefore not entitled to award of EAJA fees.
 
 
 46
 The operative provisions are 5 U.S.C. Sec. 504(a)(1) & (b)(1)(C) and 28 U.S.C. Sec. 2412(d)(3). Under 5 U.S.C. Sec. 504(a)(1) "an agency that conducts an adversary adjudication shall award to a prevailing party other than the United States, fees, and other expenses ... unless the adjudicative officer of the agency finds that the position of the agency was substantially justified." "Adversary adjudication" is defined as "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise...." Id. Sec. 504(b)(1)(C)(i). If, however, a court reviews the underlying decision of the adversary adjudication, "an award for fees or other expenses may be made only pursuant to section 2412(d)(3) of title 28, United States Code." Id. Sec. 504(c)(1). Section 2412(d)(3) of Title 28 adopts the definition of "adversary adjudication" set forth in 5 U.S.C. Sec. 504(b)(1)(C). Moreover, the Supreme Court has stated that social security administrative proceedings are not adversarial, see Sullivan v. Hudson, 490 U.S. 877, 891, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941 (1989); and that the SSA "operates essentially, and is intended so to do, as an adjudicator and not as an advocate or adversary." Richardson v. Perales, 402 U.S. 389, 403, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971) (also noting that administrative law judges are charged with a special duty to develop on the claimant's behalf a full and fair administrative record); Heckler v. Campbell, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring); Duncan v. Secretary of Health and Human Serv., 801 F.2d 847, 856 (6th Cir.1986).
 
 
 47
 Willis argues that the Secretary took a position through her attorney during the original administrative proceedings which converted those proceedings into an "adversary adjudication." Specifically, Willis argues that because the Secretary's counsel responded by letter denying her request for answers to interrogatories and motions to produce, the Secretary, in essence, was represented by counsel during the administrative proceedings on her disability claim.
 
 
 48
 We are not persuaded by this argument. At the time of her discovery request, Willis' case was pending a request for hearing before an ALJ, and the originals of the interrogatories and motions were submitted to the hearing office on April 12, 1982. Upon receipt of Willis' interrogatories and motion to produce, the Secretary's counsel sent a written response to Willis' attorney on May 13, 1982, not to deny the request as asserted by Willis, but to inform him that the interrogatories and motions had been forwarded to the Tennessee hearing office for further action. The letter also noted that the Federal Rules of Civil Procedure do not apply to claims pending before an ALJ and that counsel knew of no authority under which interrogatories or other "discovery" materials could be served on the Secretary in a SSI claim. In addition, the Tennessee Attorney General's office filed a response to Willis' request which stated that pursuant to 42 U.S.C. Sec. 405(d) and 20 C.F.R. Sec. 404.916, only the ALJ has the authority to issue a subpoena, and that a subpoena may only be issued upon application of a party and only when the ALJ finds the requested information is necessary for a full prosecution of the case.
 
 
 49
 Neither of these responses by the Secretary constituted a denial of Willis' right to this information; rather they simply sought to inform her as to the proper administrative procedures, and clearly do not amount to the Secretary taking a position represented by counsel during the administrative phase of Willis' disability claim. Thus, we find that the district court did not abuse its discretion in denying the request for attorney fees for work done prior to judicial review.
 
 
 50
 On the other hand, we do find that Willis is entitled to the 14.70 hours in attorney fees for work performed during the administrative proceedings after the district court's remand of Willis' disability claims under the authority of Hudson. In Hudson, the Supreme Court held that EAJA fees for representation during the administrative proceedings subsequent to court remand are available subject to the other limitations in the EAJA. Hudson, 490 U.S. at 892, 109 S.Ct. at 2257. Thus, the rationale set forth in the district court's August 3, 1988 order denying such fees is no longer valid. In this case, Willis prevailed on her disability claim at the subsequent administrative hearings. Furthermore, the Secretary does not oppose Willis' request for the additional 14.70 hours in attorney fees. We therefore reverse the district court's denial of the 14.70 hours in attorney fees.
 
 2.
 
 51
 Willis also claims that she is entitled to a cost-of-living increase of the hourly fee rate under the EAJA pursuant to 28 U.S.C. Sec. 2412(d) from seventy-five ($75.00) dollars to one hundred ($100.00) dollars. In this regard, Willis requests this court to reconsider its ruling in Chipman v. Secretary of Health and Human Serv., 781 F.2d 545 (6th Cir.1986), which concerned the method of determining a hourly rate for EAJA attorney fees in the Sixth Circuit. The issue is not properly before us, however, since Willis waived it by failing to object to the magistrate's report awarding the $75 per hour. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir.1986); Thomas v. Arn, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). We have repeatedly held that "a party must file timely objections with the district court to avoid waiving appellate review" and that "[b]y operation of this supervisory rule, only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." Smith, 829 F.2d at 1373 (emphasis in original). In the instant case, while Willis specifically objected to the magistrate's reduction of hours in his March 21, 1986 report, she concluded those objections by asking the district court to award $75.00 per hour. Further in a subsequent letter to the court regarding the status of the case, Willis conceded that she could not recover the $100.00 per hour originally requested. Finally, Willis also amended her fee petition on July 29, 1986 and reduced her request from $100.00 per hour to $75.00 per hour. Thus, absent a specific objection to the fee rate, the issue is waived.
 
 3.
 
 52
 The Secretary argues that the district court abused its discretion in awarding Willis EAJA attorney fees for work expended on unsuccessful or pending and collateral and discrete issues unrelated to the claim on which she succeeded; or alternatively, that the government's position was substantially justified. Specifically, the Secretary objects to the district court's award of EAJA attorney fees for Willis' attempt to have the district court order the Secretary to compute and pay Title II benefits before Title XVI benefits to avoid application of the SSI windfall offset set forth in 42 U.S.C. Sec. 1320a-6;[13] and for the hours awarded by the district court for work performed in furtherance of her motion for contempt or mandamus. The Secretary claims that the district court order awarding EAJA fees for work performed in connection with this issue was premature, since the merits are presently before us.
 
 
 53
 The EAJA provides in pertinent that a court shall award fees to a prevailing party other than the United States in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. Sec. 2412(d)(1)(A). Thus, three conditions must be met in order to recover attorney fees under the EAJA: 1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees. Perket, 905 F.2d at 132. Under section 2412(d)(1)(A), the Secretary's position is substantially justified if it is " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Id. at 132 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The Secretary ultimately prevailed on both issues and it therefore follows that Secretary's position on these issues was substantially justified. Thus, the district court's decision awarding EAJA attorney fees for 19.40 hours of work in these collateral and discrete issues constituted an abuse of discretion by the district court. Accordingly, we REVERSE with district court's award of those 19.40 hours in EAJA attorney fees.
 
 
 54
 Accordingly, the district court's grant of mandamus relief is REVERSED and this action is REMANDED to the district court to be dismissed for lack of jurisdiction. Further, the district court's award of EAJA attorney fees is AFFIRMED IN PART and REVERSED IN PART in accordance with this opinion.
 
 
 55
 KEITH, Circuit Judge, dissenting.
 
 
 56
 Because I find the district court had jurisdiction to issue the writ of mandamus as part of its retained jurisdiction, I dissent from the majority's holding on the mandamus issue. My conclusion results from a different understanding of the facts. As I view the record, combining the findings of the Secretary in favor of the plaintiff before and after remand, the Secretary had found Dorothy Willis ("Willis") eligible for benefits. The Secretary, nevertheless, refused to make the nondiscretionary payment of those benefits because the Secretary changed position on one of the Secretary's earlier conclusions relied on by the court.
 
 I.
 
 57
 The Supreme Court and this Circuit have made clear that a district court can retain jurisdiction to effectuate its decision after remand. In Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court noted that "In many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court." Id. at 886, 109 S.Ct. at 2254. The Court explained that the trial court "retains the power in such situations to assure that its prior mandate is effectuated." Id. This Court also recognized this jurisdiction recently. In Buck v. Secretary of Health & Human Serv., 923 F.2d 1200 (6th Cir.1991), this court held that the district court could decide whether to exercise its jurisdiction to insure that its mandate has been followed. Id. at 1205.
 
 
 58
 The majority acknowledges that the Social Security Administration ("SSA") determined that Willis met the income level requirements. It classifies this finding, however, as "preliminary." Majority Opinion at 392. The majority indicates that a separate decision denied benefits based on lack of disability and that that determination was "affirmed" by an Administrative Law Judge ("ALJ"). As I view the facts, the ALJ found the earnings requirement had been met. The decision of the ALJ stated "[t]he claimant's earnings record shows that the special earnings requirements of the Act were met on August 13, 1980, when the claimant allegedly became unable to work, and that these requirements continue to be met through the date of this decision." Joint Appendix at 576 (ALJ Decision, Oct. 6, 1982). That decision was declared the final decision of the Secretary by the Appeals Council in its April 19, 1983, action denying review. Joint Appendix at 574.
 
 
 59
 It was that April 19, 1983, decision that Willis challenged in the instant case. Joint Appendix at 287 (Social Security Complaint). In that complaint and in the district court, the only issue raised was disability. Willis had been successful on the earnings issue and the Secretary did not cross-complain on that issue or assert a failure to meet the earnings requirement as an affirmative defense.[1] Willis was successful in the district court. The district court, adopting the February 15, 1984, recommendation of the magistrate, found that the Secretary had misapplied the law and that the position of the Secretary was not substantially justified, thus entitling Willis to Equal Access to Justice Act fees. Joint Appendix at 81-82, 88 (Magistrate's Report and Recommendation, Feb. 15, 1984, and Order, Apr. 6, 1984). The district court remanded the case to the Secretary to apply the proper legal standards and to make new factual findings. The district court found that not only was the ALJ's conclusion that Willis could return to past relevant work not supported by substantial evidence, it was contradicted by conclusive evidence that plaintiff could not return to her former occupation. Joint Appendix at 85.
 
 
 60
 On remand, the ALJ found that Willis was disabled, a decision fully favorable to Willis. That decision was adopted as modified by the Appeals Council on January 17, 1985, and was the final decision of the Secretary. Joint Appendix at 91-92 (Appeals Council Decision, Jan. 17, 1985). This decision is the first evidence that the Secretary was attempting to reopen the issue of the earnings requirement. The last paragraph of the decision states that the SSA will advise the claimant regarding the nondisability requirements and, if eligible, the amount and the month(s) for which payment will be made. Since there is no mention of a reversal of previous decisions, at most this language should be read to apply to eligibility for those months on which the Secretary had not made a finding. The prior decision of the Secretary which was the subject of the district court case, and which was not contested there, had only made a finding of eligibility up until that ALJ decision of October 1982. Joint Appendix at 576.
 
 
 61
 In affirming the decision of the Secretary, the district court clearly understood the Secretary's decision to be favorable to Willis and one awarding benefits. The district court stated in its order "[b]ecause defendant has shown the Court that Social Security benefits have been or will be awarded plaintiff upon remand, the Court finds the Secretary's decision should be affirmed." Joint Appendix at 392-93. (Order, Mar. 6, 1985). The district court, therefore, ordered the Secretary to file with the court calculations of the amount due plaintiff. The court also ordered computation and payment of disability payments before payment of SSI benefits, further indicating by its order that payment of SSI benefits was part of the order. Joint Appendix at 393.
 
 
 62
 The order specified that the Secretary was to file calculations and make payments. It further specified that final judgment was to be entered only after such calculations were entered. It is therefore clear that the district court was retaining jurisdiction under 42 U.S.C. Sec. 405(g) to ensure enforcement of the order. Willis had achieved complete success since she filed the district court action. That action had been filed to contest the part of the Secretary's decision in which the Secretary had found no disability. No party had contested the finding that Willis met the earnings requirements.
 
 
 63
 It was only after the Secretary was under court order to file calculations with the court and make payment that the Secretary decided to deny benefits based on changing a factual finding which the Secretary had made two and a half years earlier and which had been the basis of the appeal to the district court. It was only when the Secretary sought to change the facts in defiance of the district court that the court issued a writ of mandamus.
 
 II.
 
 64
 Mandamus is an extraordinary remedy, but was appropriate under the circumstances described above. There were other aggravating factors that provoked the district court to resort to mandamus. The magistrate's recommendation that mandamus be issued recounts a history of inappropriate conduct by the Secretary in this case. The case is replete with delay by the Secretary. After the district court ordered remand on April 11, 1984, the failure of the Secretary to comply with the court's order compelled Willis to seek contempt. The Secretary responded that although the Secretary had received a copy of the judgement, the district court had not notified the proper official associated with the Secretary. The court declined to issue an order finding contempt at that time even though notice to counsel is normally notice to the party and counsel for the plaintiff indicated that he had personally notified officials within the SSA and the Secretary failed to respond. Id. at 469. The Secretary then failed to file a calculation with the district court as ordered by the court on March 7, 1985. The Secretary explained to the court that local counsel for the Secretary had not received a copy of the order. The magistrate indulged the Secretary with the assumption that this meant that the Secretary had not received a copy either, rather than constituting an effort to mislead the district court. The magistrate found that the Secretary's conduct in this action "has been very close to being contemptuous," Joint Appendix at 468, and "to some degree indefensible." Id. at 470. The magistrate further found:
 
 
 65
 There is a strong suspicion that the Secretary, being dissatisfied with the decisions of this court, has engaged in guerilla warfare against the plaintiff. In spite of protestations at oral argument by counsel for Secretary to the contrary, it is outrageous and offensive to the court for the Secretary to make the argument that plaintiff was not entitled to SSI benefits because she was not disabled, and then, losing this argument, merely failing to pay and, when pressed, coming up with a different reason for denying payment.
 
 
 66
 Joint Appendix at 471.
 
 
 67
 Under these circumstances, mandamus was clearly appropriate. The Secretary was refusing to comply with the district court's order for calculation and payment. It is not disputed that the court has the power to order a calculation. Payment was not discretionary once it had been determined that the statutory requirements had been met. The earnings requirement had been established as part of the facts prior to commencement of the district court action and the district court had acted based upon those facts in the record. Once the disability requirements were also conceded by the Secretary, there was no discretion to withhold the payments. The district court's mandamus order was necessary to effectuate its prior order implementing its legal conclusions in the case. It was therefore within the retained jurisdiction of the court as provided by the Supreme Court in Hudson and this Court in Buck.
 
 III.
 
 68
 The majority cites Bisson v. Secretary of Health & Human Serv., 787 F.2d 181 (6th Cir.1986), and Slone v. Secretary of Health & Human Serv., 825 F.2d 1081 (6th Cir.1987), for the proposition that if the Secretary reopens a case, even if inappropriately, the proper remedy is to exhaust administrative remedies. Those cases differ from the instant case in a very important way. In those cases, the Secretary sought to change position prior to the commencement of a case in district court. In the instant case, the Secretary seeks to change the facts established in the record by final determinations of the Secretary and then relied on by the district court to decide a case. The result is to undermine the integrity of the article III judicial review process.
 
 IV.
 
 69
 In this case, there was a finding on the earnings eligibility requirement before litigation on disability commenced. It is therefore not necessary to the decision in this case to determine the appropriateness, under the statute or constitutional due process, of the Secretary dividing a disability determination into multiple components and delaying payment by forcing the claimant to individually exhaust administrative remedies and article III court remedies for each component of entitlement. I would note, however, that the lengthy history of this case illustrates the delay of justice that results under such a scheme. It is now 1991. The application for SSI benefits in this case was filed in 1981. A decade-long delay in receiving payments reserved to only those in poverty seems to exemplify the adage that justice delayed is justice denied. In fact, the allegations that Willis did not meet the earnings requirements result from the determination that, during the time Willis was fighting to get her entitlement payments because of her poverty and disability, her children dared to help her make ends meet in the sum of $135 a month for necessities.
 
 
 
 [1]
 An individual is eligible for SSI benefits on the basis of financial need (including income and resources) and either age, blindness, or disability. 42 U.S.C. Sec. 1382. An individual is eligible for disability insurance benefits if the individual is insured for disability benefits, has not attained retirement age, has filed application for such benefits, and is under a disability. Id. Sec. 423
 
 
 [2]
 The income Willis received from her children was included in her total countable income pursuant to 20 C.F.R. Sec. 426.1102 which provides in part: "Income is anything you receive in cash or in kind that you can use to meet your needs for food, clothing, or shelter."
 
 
 [3]
 The income Willis received from her husband was included in her total countable income pursuant to 20 C.F.R. Sec. 416.1160 et seq. which allows the Secretary to deem income to a claimant from a portion of the income earned by an ineligible spouse who lives in the same household
 
 
 [4]
 This statement was included within the notice pursuant to 42 U.S.C. Sec. 1383(c)(1) which states in part: "The Secretary shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual or eligible spouse and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits, or the amount of such individual's benefits, if such individual requests a hearing on the matter in disagreement within sixty days after notice of such determination is received...."
 
 
 [5]
 Where a claimant is found entitled to receive retroactive SSI benefits, application of the SSI windfall offset provision may reduce the amount of "past-due" disability benefits from which the Secretary withholds 25% for payment of attorney's fees. Burnett v. Heckler, 756 F.2d 621, 624 (8th Cir.1985). In this case, however, the windfall offset provision did not affect the attorney's fee award because the Secretary found Willis ineligible for SSI benefits due to excess income prior to disbursement of Willis' lump-sum disability award
 
 
 [6]
 The SSA did not include the income Willis received from her children in the second calculation, apparently because either the income she received from her children or her retroactively attributed disability benefits were sufficient, in combination with the deemed income from her spouse, to exceed the Federal Benefit Rate
 
 
 [7]
 42 U.S.C. Sec. 405(g) is incorporated by reference in section 1383(c)(3), which is found in the Supplemental Security Income Act, 42 U.S.C. Secs. 1381 et seq
 
 
 [8]
 Title 42 U.S.C. Sec. 405(a) provides:
 The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.
 
 
 [9]
 An initial determination is defined as:
 [those] determinations [SSA] make[s] that are subject to administrative and judicial review. The initial determination will state the important facts and give the reasons for [the SSA's] conclusions. Initial determinations regarding [SSI] benefits include, but are not limited to, determinations about--
 (a) [a claimant's] eligibility for, or the amount of, [his or her SSI] benefits....
 
 
 [20]
 C.F.R. Sec. 416.1402
 
 
 [10]
 This decision was separate and distinct from the post-remand decision that Willis was eligible for disability benefits under Title II. Accordingly, separate administrative rights and remedies attached to the Social Security Act decision regarding SSI benefits
 
 
 [11]
 Each determination or decision is binding upon the relevant parties unless the next level of review is involved. 20 C.F.R. Secs. 416.1405, 416.1455, 416.1459. Specifically, regarding reconsideration of an initial determination, the regulations provide that, "[a]n initial determination is binding unless [a claimant] request[s] a reconsideration within the stated time period, or [SSA] revise[s] the initial determination." Id. 416.1405 (emphasis added). Additionally, 20 C.F.R. Sec. 416.1400(b), which describes the nature of the administrative review process, states:
 If [a claimant is] dissatisfied with [the Secretary's decision] in the review process, but [does] not take the next step within the stated time period, [the claimant] will lose [his or her] right to further administrative review and [his or her] right to judicial review, unless [he or she] can show [the Secretary] that there was good cause for [his or her] failure to make a timely request for review.
 Id. (emphasis added).
 
 
 [12]
 In Slone, the claimant originally sought judicial relief from the Council under 42 U.S.C. Sec. 405(g). However, Slone did not file the appeal until sixty-nine days after the notice was mailed to him, and the district court dismissed the appeal as untimely. Slone then sought mandamus relief
 
 
 [13]
 The purpose of the motion was to prevent the Secretary from applying the SSI windfall offset provisions in order to enhance the amount of past due benefits used for the calculation of claimant's attorney fee award under 42 U.S.C. Sec. 406. While Willis initially prevailed on this issue, the district court ultimately held that the Secretary was entitled to apply the SSI windfall offset provision
 
 
 [1]
 The Secretary is not an "individual" entitled to sue under 42 U.S.C. Sec. 405(g). Buck, 923 F.2d at 1203