**Walter E. BRADSHAW, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–6431.

United States Court of Appeals, Sixth Circuit.

June 9, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Walter E. Bradshaw, a pro se Kentucky resident, appeals a district court order dismissing the apparent denial of his application for childhood disability benefits under 42 U.S.C. § 405(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his attempt to obtain benefits through his father, Bradshaw stated that he applied for childhood disability benefits in 1980 and was denied his request on October 26, 1988. His complaint stated that he felt discriminated against because of property his parents owned. The district court dismissed the complaint as frivolous, noting that Bradshaw had not shown that he had exhausted his available administrative remedies. The court also found that under § 405(g), Bradshaw had sixty days to file his complaint with the district court. However, as the administrative law judge's (ALJ) decision was in 1988 and the complaint was filed in 2002, his action was untimely.

On appeal, Bradshaw now states that he filed an application on May 24, 2001, for childhood disability benefits. He states that his application was denied on August 17, 2001, based on the 1988 ALJ decision. Bradshaw states that on August 24, 2001, he filed a request for review. It is unclear if the requested review was based on the October 26, 1988, or the August 17, 2001, decision. In either case, Bradshaw does not state that he has obtained a final decision from the Commissioner on either the 1988 or 2001 decision.

The district court's order is reviewed de novo. *See Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000).

The district court's jurisdiction to review the denial of social security benefits lies under § 405(g). *See Willis v. Sullivan,* 931 F.2d 390, 396 (6th Cir.1991). In order to obtain judicial review, an initial determination on a claim must first be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. *See* 20 C.F.R. §§ 404.909, 404.920. After reconsideration, a hearing before an ALJ may be

requested. *See* 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision is made, the claimant may then file an action to review the Commissioner's decision before the appropriate federal district court. *See Willis,* 931 F.2d at 396.

Bradshaw has not provided any evidence which would indicate that the Commissioner has issued a final decision. As there has been no final decision by the Commissioner, the district court lacked jurisdiction under § 405(g) to review any action by the social security administration. *See id.*

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.