**Michael Genord WASHINGTON,**
**Plaintiff–Appellant,**

v.

**SULZER ORTHOPEDICS, INC.,**
**et al., Defendants–Appellees.**

**No. 03–3350.**

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

Michael Genord Washington, Rosharon, TX, pro se.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

This is an appeal from a district court's judgment dismissing sua sponte a complaint from an individual seeking relief as a member of a products liability class ac-

tion and in a civil diversity lawsuit. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Texas inmate Michael Washington filed a civil complaint in the Northern District of Ohio against Sulzer Orthopedics, and three Texas physicians. The district court sua sponte ordered the complaint dismissed for lack of subject matter jurisdiction and for lack of diversity of parties. This appeal followed.

This court reviews de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction. *Friends of Crystal River v. EPA,* 35 F.3d 1073, 1077–78 (6th Cir.1994); *Willis v. Sullivan,* 931 F.2d 390, 395 (6th Cir.1991). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

The United States District Court for the Northern District of Ohio has jurisdiction over class action products liability claims against Sulzer Orthopedics, a manufacturer of hip and knee replacement components. In 2002, Texas inmate Washington filed a complaint in which he asserted several common law theories of recovery against Sulzer and three Texas physicians who apparently performed knee replacement surgery on Washington using a Sulzer knee replacement component. The district court sua sponte ordered the complaint dismissed on two grounds. First, the court noted that the type of Sulzer component used in Washington's operation was not one of the defective models that was the object of the class action. In addition, the court declined to accept diversity jurisdiction over the tort claims against the physicians as it plainly appeared that there was no diversity of citizenship between them and Washington.

On appeal, Washington has filed two pleadings on his own behalf. In his initial Appellant's Brief, Washington does not directly contradict the district court's observation concerning the particular type of knee replacement component being outside of the defective models. Instead, Washington argues the facts of the case as if it were one sounding in medical malpractice or the Eighth Amendment (several mentions of "deliberate indifference"). Washington's barely legible Supplemental Brief contains references to having papers removed from his prison cell.

 The record is limited in the case at bar. In the absence, however, of any indication from Washington that the district court's assessment of his core Sulzer claim, the court's decision to dismiss the putative attempt to join the class must be affirmed. The patent lack of diversity between Washington and the Texas physicians means that the district court's refusal to accept diversity jurisdiction over this action must also be affirmed. In Title 28, Section 1332 of the United States Code, Congress extended the federal judicial authority granted pursuant to 28 U.S.C. § 1331 to civil actions involving citizens of different states. Section 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party. *See Safeco Ins. Co. of America v. City of White House,* 36 F.3d 540, 545 (6th Cir.1994). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R.Civ.P. 8. In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur.*

*Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999). Washington did not carry his burden in this regard. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.