William E. HOLBROOK, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 03–6179.

United States Court of Appeals, Sixth Circuit.

June 14, 2004.

William E. Holbrook, Covington, KY, pro se.

John S. Osborn, III, David E. Middleton, Asst. U.S. Attorneys, U.S. Attorney's Office, Lexington, KY, Laurie G. Remter, Dennis R. Williams, Mary Ann Sloan, John C. Stoner, Richard V. Blake, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

### ORDER

William E. Holbrook appeals pro se from a district court judgment that affirmed the Commissioner's denial of his application for supplemental security income ("SSI"). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit.

---

* The Honorable Bobby R. Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

* The Honorable Glen M. Williams. United States District Judge for the Western District of Virginia, sitting by designation.

Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Holbrook filed his complaint on February 21, 2003, alleging that he was entitled to disability benefits from 1962 to 2003. He does not dispute the district court's description of his case; which indicates that he applied for SSI benefits in 1987. An administrative law judge denied that claim, and the Appeals Council declined further review on February 3, 1989. Holbrook filed another SSI application on March 31, 1989, and he was found to be eligible for benefits at that time. He was also found to be eligible for retirement benefits in December of 2000. There is no evidence that he exhausted his administrative remedies regarding either of those decisions. The district court granted the Commissioner's motion for summary judgment on August 20, 2003, and it is from this judgment that Holbrook now appeals.

We review an award of summary judgment de novo. Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

Holbrook did not effectively counter the Commissioner's assertion that he did not seek an administrative appeal of the decision that granted the SSI application that he had filed in 1989 or the decision that found him eligible for retirement benefits in 2000. Therefore, the district court properly dismissed any claims that he may have had regarding those decisions for lack of administrative exhaustion. See Fed.R.Civ.P. 56(e); Willis v. Sullivan, 931 F.2d 390, 396–97 & n. 11 (6th Cir.1991).

The district court also found that Holbrook's case was untimely insofar as it involved the SSI application that he had filed in 1987, as he filed his complaint more than thirteen years after the Appeals Council's decision regarding that claim. Holbrook now argues that an attorney had promised to file a timely complaint on his behalf and that the Commissioner should have allowed him an enlargement of time in which to file his complaint. However, there is no evidence to show that he had retained counsel or that he had requested an enlargement of time from the Commissioner. See Fed.R.Civ.P. 56(e). Thus, the court properly found that his complaint was untimely insofar as he sought review of the decision to deny his 1987 application for SSI benefits. See 42 U.S.C. § 405(g); Day v. Shalala, 23 F.3d 1052, 1058 (6th Cir.1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.