NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0455n.06

No. 11-2198

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEFFREY R. BURNETT, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | |
| | ) | *May 01, 2012* |
| v. | ) | LEONARD GREEN, Clerk |
| | ) | |
| SAULT STE. MARIE POLICE DEPARTMENT, | ) | ON APPEAL FROM THE |
| named as Sault Ste. Marie, MI. City Police Dept.; | ) | UNITED STATES DISTRICT |
| UNKNOWN PARTY #1, Chief of the Sault Ste. | ) | COURT FOR THE WESTERN |
| Marie City Police Department; UNKNOWN | ) | DISTRICT OF MICHIGAN |
| PARTIES #1, all staff of the Sault Ste. Marie City | ) | |
| Police Department; UNKNOWN PARTY #2, Lake | ) | |
| Superior State University President; UNKNOWN | ) | |
| PARTIES #2, Librarians of Lake Superior State | ) | |
| University; UNKNOWN PARTIES #3, All Library | ) | |
| Staff of Lake Superior State University; UNKNOWN | ) | |
| PARTIES #4, Student Library Staff of Lake Superior | ) | |
| State University, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Jeffrey R. Burnett, a *pro se* Michigan resident, appeals the dismissal of his civil rights complaint, construed as having been filed under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*

Burnett alleges that he visited the Lake Superior State University library on March 20, 2010, to e-mail a picture of his driver's license in an effort to reset the password to a website that he

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

owned. A Sault Ste. Marie police officer asked to see Burnett's camera and, after looking at pictures on it, seized the camera and asked Burnett to go with him to the police station. The police car's backseat was allegedly not handicapped-accessible. Burnett stated that he suffered excruciating pain and injury from riding in the vehicle as a result of a spinal condition from which Burnett suffered. The officer also informed Burnett that the University had banned Burnett from the library. Burnett filed his civil rights complaint raising several general claims and requesting a jury trial, over $250,000 in damages, the return of his camera, and to be granted permission to use the library again.

A magistrate judge issued a report and recommendation construing Burnett's allegations as section 1983 and ADA claims and concluding that Burnett failed to state a viable claim. Burnett filed objections to that report in which he primarily made various inflammatory statements against the district and magistrate judges. The district court overruled the objections, adopted the magistrate judge's report, and dismissed the case.

On appeal, Burnett argues that: (1) the University was not in compliance with the ADA; (2) the defendants waived any applicable immunity; (3) the police violated his Fourth Amendment rights; (4) the police vehicle was not handicapped-accessible; and (5) he was inappropriately denied counsel in the district court. Burnett has filed a motion seeking to disqualify the district court judge and magistrate judge in this case.

We review *de novo* a district court's judgment dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Burnett has waived review of almost all of his claims because he failed to make specific objections to the magistrate judge's report. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Instead, his objections were almost exclusively criticisms and defamatory comments directed at various judges.

Even construing Burnett's objections liberally, the only issue he may have preserved is his ADA claim. To establish a claim of intentional discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he otherwise qualified for the service involved; (3) he was being denied a benefit because of his disability; and (4) the discrimination was intentionally directed towards him. *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008).

Burnett's allegations do not meet this standard. He failed to explain in his complaint how the police vehicle was not handicapped-accessible. He did not explain how his pain derived from the vehicle's deficiencies, what the deficiencies actually were, or how they could be remedied. He also failed to allege any facts showing that he was intentionally discriminated against. *Id*. Finally, Burnett did not allege that he in any way made the officer aware of the problem so that an accommodation could be provided. *See id*. at 540. Therefore, the district court did not err in dismissing Burnett's ADA claim.

Burnett also argues that he was denied representation before the district court. The appointment of counsel in a civil action is not a constitutional right and it is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Finally, Burnett asserts that the district court should have granted his motion seeking to disqualify the district court judge and magistrate judge. An order denying disqualification is reviewed for an abuse of discretion. *See Reed v. Rhodes*, 179 F.3d 453, 467 n.1 (6th Cir. 1999). Unfavorable rulings by a district court judge are not sufficient to infer bias, and this court is not convinced that the district court abused its discretion in denying the motion for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979).

We deny the disqualification motion and affirm the district court's judgment.