NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0436n.06

No. 11-3974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 30, 2013*

DEBORAH S. HUNT, Clerk

DELORES KARNOFEL,                                )
                                                 )
        Plaintiff-Appellant,                     )
                                                 )
v.                                               )    ON APPEAL FROM THE UNITED
                                                 )    STATES DISTRICT COURT FOR
COMMISSIONER OF SOCIAL SECURITY,                 )    THE NORTHERN DISTRICT OF
                                                 )    OHIO
        Defendant-Appellee.                      )


        Before: MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.


        PER CURIAM. Delores Karnofel, a pro se Ohio resident, appeals a district court order

affirming the Commissioner's denial of her applications for social security disability insurance

benefits and for supplemental security income benefits.

        Karnofel alleged that she was disabled due to mercury toxicity, Wilson's thyroid syndrome,

and candidiasis. Her applications for benefits were denied initially and on review. Karnofel then

sought review before an administrative law judge (ALJ). Following a hearing, the ALJ denied

Karnofel's applications for benefits, finding that there were a significant number of jobs in the

economy that Karnofel could perform. The Appeals Council declined to review the ALJ's decision.

        Karnofel then sought judicial review of the Commissioner's decision. The case was referred

to a magistrate judge who recommended affirming the Commissioner's decision to deny benefits.

Upon de novo review of the magistrate judge's report, the district court affirmed the Commissioner's

denial of benefits.

On appeal, Karnofel argues that: 1) she suffers from a combination of impairments that meet or equal a specific impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 2) she was denied due process when properly submitted documents were omitted from the record and falsified testimony about her impairments was admitted at her hearing before the ALJ; and 3) the district court overlooked her arguments that the ALJ was biased and that pertinent documents were omitted from the record. Karnofel has filed a motion for leave to proceed in forma pauperis on appeal.

We review a district court's judgment de novo. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "[O]ur review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Id.* (internal quotation marks omitted). "If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

Karnofel did not present in the district court her argument that she satisfied a listed impairment specified in Appendix 1. Therefore, Karnofel has waived this argument on appeal. *See id.* at 513; *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

Karnofel argues that she was denied due process when the ALJ excluded properly submitted documents from the administrative record due to his bias against her as a pro se litigant, and when the vocational expert provided falsified testimony about her impairments. Karnofel has not shown that she is entitled to relief because she does not cite any evidence to support the claim that the ALJ was biased against her due to her pro se status. *See Navistar Int'l Transp. Corp. v. EPA*, 941 F.2d 1339, 1360 (6th Cir. 1991) ("[A]ny alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation or inference."). And her argument regarding the vocational expert's allegedly false testimony is waived because it was not raised in the district court. *See Ealy*, 594 F.3d at 513.

Finally, Karnofel contends that the district court overlooked her arguments that the ALJ was biased against her and that pertinent documents were omitted from the record. This argument,

however, is improper because we review the ALJ's determination, not the district court's opinion. *Id*. at 512.

For the foregoing reasons, Karnofel's motion to proceed in forma pauperis is granted and the district court's judgment is affirmed.