968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny WAGNER, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Supt., Respondent-Appellee.
 No. 92-3071.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MERRITT, Chief Judge; and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Danny Wagner, a pro se Ohio prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Wagner in February 1985 of two counts of rape and one count of gross sexual imposition, with aggravating specifications. Wagner was sentenced to two concurrent life terms of imprisonment and a consecutive 2-year term. His conviction was affirmed by the Ohio Court of Appeals on February 6, 1986 and the Ohio Supreme Court denied leave to appeal.
 
 
 3
 Wagner subsequently filed two petitions for post-conviction relief (PCR). The Ohio Court of Appeals denied review of the second amended petition, in which Wagner raised many of the issues presented in his present federal habeas petition, for failure to file his appeal in accordance with Ohio R.App.P. 4(A). The Ohio Supreme Court dismissed his further appeal on April 4, 1990.
 
 
 4
 In his federal habeas petition, Wagner raised eleven grounds for relief: (1) admission of impermissible hearsay testimony, (2) denial of the right of confrontation, (3) improper admission of hearsay of a three-year-old child, (4) improper admission of unreliable hearsay, (5) ineffective assistance of trial counsel, (6) trial court's failure to hold a preliminary hearing, (7) erroneous denial of his second PCR petition due to res judicata, (8) use of perjured testimony, (9) ineffective assistance of appellate counsel, (10) erroneous grant of summary judgment, and (11) denial of access to the courts.
 
 
 5
 A magistrate recommended that Wagner's petition be dismissed in a report filed February 20, 1991. The magistrate concluded that Wagner had exhausted his state remedies, but could not obtain relief based upon grounds 5 through 11 because of procedural default. He further found that grounds 1 through 4 were meritless. In his objections, Wagner argued that he did not procedurally default, that he did exhaust his state court remedies, and that a hearing should be held. The district court overruled Wagner's objections, adopted the magistrate's report and recommendation, and dismissed Wagner's petition in an opinion and judgment filed January 9, 1992.
 
 
 6
 On appeal, Wagner continues to argue the merits of his grounds for relief. He requests the appointment of counsel in his brief.
 
 
 7
 Upon review, we affirm the district court's judgment because Wagner has not shown that his trial was fundamentally unfair or resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Because he did not object to the magistrate's recommended disposition of grounds for relief 1 through 4, Wagner has waived appellate review of those issues. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). In any event, those grounds are meritless for the reasons stated by the magistrate.
 
 
 9
 The district court did not err in finding that grounds 5 through 10 are barred through procedural default, after analyzing the record as required by Maupin v. Smith, 785 F.2d 135, 138-39 (6th Cir.1986). Thus, federal habeas review on the merits depends upon Wagner's showing of cause and prejudice. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 10
 Wagner has failed to show cause for his default. He does not attempt to explain why he filed his notice of appeal in the wrong court; he only argues that he filed in the wrong court within 30 days of the prior entry of judgment. Moreover, he does not demonstrate prejudice. Our review of the record, including the state trial transcript, supports the conclusions that Wagner's trial was fundamentally fair and that he is not held in unjust confinement.
 
 
 11
 Finally, we affirm the district court's judgment as to ground 11 for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The magistrate and the district court concluded that Wagner's ground regarding denial of access to the courts was barred because he first raised it before the Ohio Supreme Court. However, it appears that Wagner had a valid reason for failing to first raise the issue before the lower courts, i.e., the alleged deprivation had not yet occurred.
 
 
 12
 Nonetheless, Wagner is clearly not entitled to relief on this ground. He was not denied access to the courts--each court accepted his briefs and ruled upon his petitions and appeals--he is merely unhappy with the results he received, particularly from the Ohio Court of Appeals. This does not warrant federal habeas relief.
 
 
 13
 Accordingly, the request for counsel is denied. The district court's judgment, filed January 9, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.