993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald S. TENSLEY, Plaintiff-Appellant,
v.
Brian ALEXANDER; Linda Frentener; Joe Hosey; P. Schooler;
Michael Phillips, Defendants-Appellees.
 No. 92-2208.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Reginald S. Tensley, a pro se Michigan prisoner, appeals a district court judgment which dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tensley alleged that his constitutional rights were violated when defendant Alexander falsified a misconduct ticket. He also alleged that defendants Frentener, Hosey and Phillips had him chained to his bed for several hours without medical attention. Finally, in an unrelated claim, Tensley alleged that defendant Schooler violated his right to privacy. On November 22, 1991, the district court adopted a magistrate judge's recommendation and entered summary judgment in favor of Alexander, Frentener, Hosey and Phillips. On August 31, 1992, the court dismissed Tensley's remaining claim against Schooler after conducting a bench trial. Tensley now appeals. He also moves for counsel, for pauper status and for a transcript of his trial.
 
 
 3
 Tensley alleged that Alexander violated the Fourteenth Amendment by falsifying a misconduct ticket for assault. The magistrate recommended that this claim be dismissed because Tensley's disciplinary hearing satisfied the requirements of procedural due process. Tensley has waived appellate review of this claim by failing to raise it in his objections to the magistrate's report, see Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991), or in his brief on appeal, see McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Tensley alleged that Frentener, Hosey and Phillips violated the Eighth Amendment when they had him chained to his bed for several hours after an alleged assault on Alexander. Tensley argues that he was restrained as a punitive measure and that he was not disruptive or a danger to anyone. He argues that he did not have access to water or to a toilet and that he suffered back pain because he was forced to lie on a lock. After viewing a videotape of the incident, the magistrate recommended that the defendants be granted summary judgment because they used only necessary force to subdue Tensley and restore order.
 
 
 5
 Review of this claim requires us to determine "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). It is undisputed that Tensley had received four misconduct tickets in the preceding three hours. He had physically assaulted Alexander and had threatened him. A de novo review of the videotape indicates that Tensley resisted the response team and that excessive force was not used to secure him to his bed. The record also indicates that Tensley was released to get a drink of water after he was restrained. Tensley has not averred that the defendants refused to let him use the toilet, and the record indicates that he would have been allowed to do so if he had asked. In addition, the record shows that Tensley was monitored every 15 minutes while restrained and that he was "O.K." at those times.
 
 
 6
 Prison officials are allowed considerable deference when their actions are taken to preserve internal order, security and discipline. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Here, the use of force was justified in light of the ongoing threat that Tensley posed to prison staff. Moreover, the amount of force was not excessive when it is considered in relation to the minimal injuries that Tensley sustained and the defendants' efforts to temper the severity of their response by releasing him at least once and by monitoring his condition. Therefore, summary judgment was properly entered for the defendants on Tensley's excessive force claim.
 
 
 7
 Tensley also argues that he did not receive adequate medical care for his alleged injuries. In contrast to his excessive force claim, Tensley's claim that the defendants were deliberately indifferent to his medical needs amounts to an Eighth Amendment violation only if those needs are serious. Hudson, 112 S.Ct. at 1000. Tensley's objections to the magistrate's report indicate that his injuries were not serious. His claim also lacks merit because the record shows that he was examined by a nurse the next morning who noted only minor injuries that did not require treatment. See Estelle v. Gamble, 429 U.S. 97, 106-07 (1976).
 
 
 8
 Tensley alleged that defendant Schooler violated his right to privacy under the Fourth and Fourteenth Amendment. The district court awarded a judgment to Schooler following a bench trial. However, this judgment does not provide an adequate basis for appellate review. See Foulks v. Ohio Dep't of Rehabilitation and Correction, 713 F.2d 1229, 1233 (6th Cir.1983). Unless, the record conclusively shows that a plaintiff is not entitled to relief, the district court is required to set forth factual findings and legal conclusions to support its judgment. Kasuri v. St. Elizabeth Hosp. Medical Ctr., 897 F.2d 845, 850-51 (6th Cir.1990).
 
 
 9
 Accordingly, Tensley's motions for counsel, for pauper status and for transcripts are denied without prejudice. The district court's judgment is affirmed to the extent that summary judgment was granted to Alexander, Frentener, Hosey and Phillips. The court's judgment is vacated to the extent that it dismisses Tensley's right to privacy claim against Schooler, and the case is remanded to the district court for entry of a new judgment that is supported by findings of fact and conclusions of law. Rule 9(b)(3), Rules of the Sixth Circuit.