39 F.3d 1181
 RICO Bus.Disp.Guide 8690
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. GOLDEN and Judith Golden, Plaintiffs-Appellants,
v.
SPRING HILL ASSOCIATES, a Limited Partnership, Martin L.
Goldstein, Martin A. Halpern, John Volatile,
Martin Menack, Dick Johanson and Roger
Werner, jointly and severally,
Defendants-Appellees.
 No. 93-2186.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1994.
 
 Before: KENNEDY, MARTIN, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Robert Golden ("Mr. Golden"), his wife Judith Golden ("Mrs. Golden") and their attorney Ronald Winiemko were sanctioned under Rule 11 of the Federal Rules of Civil Procedure for filing a complaint without an adequate pre-filing investigation. The Goldens appeal the sanctions, raising three issues. First, they contend that the court may not assess sanctions against parties represented by counsel and who signed no pleadings. Next, the Goldens argue that they conducted a proper pre-filing inquiry. Finally, the Goldens contend that the District Court erred in taking into account information not available to them at the time of filing suit but which was made known to them during discovery.
 
 I.
 
 2
 In 1976, Mr. Golden, an attorney, and Mrs. Golden purchased a limited partnership interest in Spring Hill Associates ("Spring Hill") from John Volatile and Dick Johanson.[1] Each year the Goldens would receive a tax form from the partnership known as a "K-1." The Goldens took deductions on their income taxes based on information on the K-1s in the years 1976 through 1981. A 1990 investigation of Spring Hill by the Internal Revenue Service resulted in assessments against the Goldens for their deductions relating to Spring Hill.
 
 
 3
 On January 8, 1991, the Goldens filed a complaint which was signed by Winiemko under the firm name "Robert H. Golden, P.C." Mr. Golden himself had prepared the complaint, which alleged that defendants Roger Werner, Martin Goldstein, and Martin Halpern violated the federal and Michigan securities laws, violated the Racketeer Influenced and Corrupt Practice Act, 18 U.S.C. Sec. 1961, committed various acts of common law fraud, and that Goldstein and Halpern committed accounting malpractice.
 
 
 4
 Defendants moved jointly for summary judgment on November 22, 1991, arguing that the claims asserted against them were time-barred. The trial court dismissed the Michigan securities law and accounting malpractice claims as time-barred, but allowed the remaining claims to proceed. On February 14, 1992 defendants filed separate motions to dismiss and motions for summary judgment on the remaining counts of the Goldens' complaint.
 
 
 5
 On April 3, 1992, the District Court granted defendants' motions and either dismissed or granted summary judgment on all the Goldens' claims. The defendants moved for sanctions, costs, and attorney fees pursuant to Rule 11 against the Goldens and Winiemko. The court referred these motions to a magistrate judge.
 
 
 6
 The magistrate judge issued a report on September 2, 1992 ("1992 Report") stating that he found the complaint to be frivolous. He recommended the imposition of sanctions against the Goldens and Winiemko jointly and severally. The conclusion of the report instructed the parties that in order to preserve their right to appeal they needed to make specific objections. (Joint App. at 138-154).
 
 
 7
 The Goldens filed objections to the report, arguing that they had conducted the proper prefiling inquiry. (Joint App. at 157-67). The District Court granted the motion for sanctions. The magistrate judge held a hearing and issued a report on May 27, 1993 ("1993 Report") concerning the amount of sanctions to be imposed. (Joint App. at 187-203). Defendants filed further objections. (Not in the Appendix). The District Court awarded sanctions in the amount of $20,000 jointly and severally against the Goldens and their counsel. (Joint App. at 212-25). The Goldens now appeal.
 
 II.
 
 8
 Rule 11 imposes three obligations on an attorney signing a pleading or other court paper.[2] "First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose." Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1229 (6th Cir.1989).
 
 
 9
 In applying Rule 11, a district court "judges the attorney's conduct by 'an objective standard of reasonableness under the circumstances.' " Jackson, 875 F.2d at 1229 (quoting INVST Financial Group v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied 484 U.S. 927 (1987)). The court has wide discretion to determine reasonableness but "is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir.) (citation omitted), cert. denied, 498 U.S. 959 (1990). We review a district court's decision to grant sanctions for abuse of discretion. Mann, 900 F.2d at 958.
 
 III.
 
 10
 The Goldens first argue that the District Court erred in sanctioning them because they were represented by an attorney and signed no pleadings. Defendants contend that this argument has been waived. In order for objections to a magistrate judge's report to be preserved on appeal, an objecting party must file specific and timely objections. Only issues raised in the objections will be preserved for appellate review. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). The Goldens preserved this issue for appeal because they raised it in their objections to the magistrate judge's 1993 Report.
 
 
 11
 In any event, the fact that appellants are represented by an attorney does not mean that sanctions cannot be imposed on them. Rule 11(c) specifically provides that "if a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction."[3] (Emphasis added).
 
 
 12
 The Goldens next contend that the District Court erred in sanctioning them because their prefiling inquiry was proper. Defendants once again contend that the Goldens have waived this argument. We find no waiver. Every objection of the Goldens to the magistrate judge's 1992 Report is an attempt to show that they conducted a proper prefiling investigation. (Joint App. at 126-136).
 
 
 13
 Finding no waiver, we address the arguments of Mr. and Mrs. Golden separately. We affirm the District Court's finding that Mr. Golden violated Rule 11. Mr. Golden not only is an attorney, but is the party who drafted the complaint. Reasonable inquiry would have allowed him to determine that his claims either were untimely or were not warranted under existing law. Furthermore, Mr. Golden was the party in the best position to determine the accuracy of his facts since he himself had dealt with the defendants.
 
 
 14
 We find, however, that the District Court committed error in sanctioning Mrs. Golden. Sanctions under Rule 11 are an individual penalty based on particular findings that a person has acted wrongfully. The District Court should have assessed the liability of Mrs. Golden individually because her conduct and knowledge was different from that of her husband's. There is no evidence in the record to suggest that Mrs. Golden was aware or should have been aware of facts contrary to those asserted in the complaint. Also, unlike Mr. Golden, she had no superior knowledge of the law enabling her to determine that her claim was unwarranted. Even though Mrs. Golden did not expressly argue that she should be treated separately from her husband, she did object. Sanctioning her under the record here would be plain error.
 
 
 15
 Finally, Mr. Golden argues that the District Court erred in considering evidence which was not known to him at the time of filing but was uncovered during discovery. Specifically, Mr. Golden objected to the court's consideration of affidavits which defendants filed in support of their motions for summary judgment. These affidavits stated that Werner was not a general partner at the time of the Goldens' purchase and that Goldstein and Halpern were only tax preparers for Spring Hill and not auditors. (Not in appendix.) We need not determine whether the District Court erred in considering these affidavits because there is ample evidence in the record without them to support the finding that Mr. Golden violated Rule 11.
 
 IV.
 
 16
 For the foregoing reasons, we AFFIRM the District Court with respect to the sanctions imposed against Mr. Golden, but REVERSE with respect to the sanctions imposed against Mrs. Golden.
 
 
 
 [1]
 Volatile and Johanson were named as defendants, but they were never served with process
 
 
 [2]
 The 1987 version of FED.R.CIV.P. 11, in effect at the time, provided that, in relevant part, "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...."
 
 
 [3]
 Rule 11 was amended effective November, 1993. We apply the older version of the rule since this was the rule in effect at the time sanctions were awarded. However, the newer version makes it even more explicit that sanctions may be imposed on a represented party even though that party did not sign the paper because it provides for sanctions against "the attorneys, law firms or parties " presenting pleadings or papers "whether by signing, filing, submitting, or later advocating." (Emphasis added.)