68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. GRAY, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Sam Singleton, Lt.; Steven
Manuel, Lt.; Dwight Carter; Jeff Canada, Lt.;
John Carter; Kenneth Howard; W.A.
Snyder; Charlie Hudson,
Defendants-Appellees.
 No. 95-5274.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Charles A. Gray, a pro se federal prisoner, appeals a district court order dismissing his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Gray alleged that he was improperly charged and found guilty by prison officials of attempted escape. Gray stated that as a result of the guilty verdict, he has suffered psychological harm constituting cruel and unusual punishment. In an amended complaint, Gray alleged that he was improperly found guilty of smoking in a prohibited area. Gray stated that due to a medical condition, he is unable to perform the extra duties he was assigned to perform as a result of the smoking charge. Gray also requested an order prohibiting the United States Marshals from placing shackles around his legs and an order vacating his federal criminal conviction for attempted escape.
 
 
 3
 A magistrate judge recommended dismissing the case. Because of Gray's amended complaint and various motions, the district court declined to accept the report and referred the case back to the magistrate judge for further consideration. The magistrate judge issued a second report recommending that the pending motions be denied and that Gray's complaint and amended complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Noting that Gray had failed to file objections to the magistrate judge's report, the district court dismissed the case as frivolous pursuant to Sec. 1915(d). Gray raises numerous issues on appeal.
 
 
 4
 Upon review, we affirm the district court's order because Gray has waived appellate review of his claims by not objecting to the magistrate judge's report, despite being warned that failure to do so would result in such a waiver. Failure to file objections to a magistrate judge's report waives a party's right to appeal the district court's order. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). The magistrate judge conspicuously noted in his report the ten day requirement for filing objections. More than ten days later, the district court adopted the magistrate judge's report. Neither Gray's notice of appeal, nor his brief on appeal, makes any mention of why he failed to file objections.
 
 
 5
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.