77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CHURN, Petitioner-Appellant,
v.
William GRANT, Respondent-Appellee.
 No. 95-1462.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, BROWN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 James Churn, a pro se Michigan state prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 26, 1985, Churn was convicted of second degree murder and felony firearm following a bench trial. On March 7, 1985, Churn was sentenced to fifteen to thirty years in prison on the second degree murder conviction, and two years in prison on the felony firearm conviction.
 
 
 3
 After unsuccessful attempts to overturn his conviction, Churn filed the present petition for a writ of habeas corpus alleging that his waiver of a trial by jury was the result of prosecutorial misconduct. Specifically, Churn claimed that during the preliminary examination the prosecutor argued that Churn be bound over on a first degree murder charge due to "close range firing" despite the medical examiner's finding that there was no evidence of "close range firing." Churn claimed that, as a result of the prosecutor's actions, he waived his right to a jury trial in order to reduce his chance of being convicted of first degree murder.
 
 
 4
 In a report and recommendation dated January 20, 1995, a magistrate judge recommended that the habeas petition be dismissed because Churn procedurally defaulted on his prosecutorial misconduct claim and failed to show cause or prejudice for the procedural default. The district court adopted the report and recommendation after reviewing Churn's objections. Judgment was entered March 31, 1995. This timely appeal followed.
 
 
 5
 Upon review, we conclude that Churn has waived his right to appellate review because he did not specifically object to the recommended disposition of his habeas petition when he filed objections to the magistrate judge's report and recommendation. In his objections to the report and recommendation, Churn objected to the magistrate judge's statement of facts regarding his term of imprisonment and events relative to his first habeas petition. He offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding the procedural default on the prosecutorial misconduct claim. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interest of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), review of the appeal has not revealed any reason for doing so in this case. There is no showing of cause for Churn's failure to include his prosecutorial misconduct claim in his earlier appeals or requests for review. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). There is also no evidence that actual prejudice resulted from the alleged misconduct or that failure to consider this claim will result in a miscarriage of justice. Id.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.