79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. COOK, Plaintiff-Appellant,
v.
Christine BRADLEY; David Mills; State of Tennessee;
Charles Traughber; Lamar Alexander; Ned
McWherter, Defendants-Appellees.
 No. 95-5820.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and OLIVER, District Judge.*
 
 ORDER
 
 2
 James L. Cook, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Cook sued the State of Tennessee, the Tennessee Department of Corrections, the warden of the Riverbend Maximum Security Prison (RMSP), the former commissioner of RMSP, two former governors, the chairman of the parole board, and the attorney general. In a confusing complaint, Cook appears to argue that the defendants: 1) improperly denied him good time credits from 1980 through 1986; 2) improperly applied changes in the parole laws to his case; 3) retained his funds in a trust account without paying interest and improperly taxed commissary items; 4) engaged in various illegal practices, including promoting illegal bingo at the institution; and 5) improperly sentenced him pursuant to three or four different laws.
 
 
 4
 Upon review, the magistrate judge filed a report recommending that the district court dismiss Cook's complaint as he did not state a claim upon which relief could be granted. Cook filed a one-page document entitled "motion to object to the report and recommendation." However, Cook did not include any specific objections to the magistrate judge's findings, despite the magistrate's warning that failure to file specific objections would constitute a waiver of appeal of the report and recommendation. In adopting the magistrate judge's recommendation, and dismissing the complaint, the district court relied on the fact that Cook did not file any specific objections to the report.
 
 
 5
 Cook has filed a timely appeal, essentially reasserting his same claims. Cook has also filed a motion for bail pending this appeal.
 
 
 6
 Cook did not specifically object to the recommended disposition of his civil rights complaint when he filed objections to the magistrate judge's report and recommendation. In his objections to the report, Cook stated that he would prove that he had stated the facts of his case, that he had mailed evidence in support of his case with the complaint, and that he has exhausted his state court remedies. He then requested that the district court deny the report and recommendation. However, he offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding the dismissal of his claims. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interests of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), Cook has not presented any reason for doing so in this case.
 
 
 7
 Accordingly, we hereby deny the motion for bail and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Solomon Oliver, United States District Judge for the Northern District of Ohio, sitting by designation