79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John C. HUME, Plaintiff-Appellant,
v.
Harold STERLING, individually and in his capacity as Shelby
County Assessor of Property; Bob Patterson, individually
and in his capacity as Shelby County Trustee; William N.
Morris, Jr., individually and in his capacity as Shelby
County Mayor, Defendants-Appellees.
 No. 95-5743.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 John C. Hume, a Tennessee citizen proceeding pro se, appeals a district court judgment awarding attorney's fees and costs to the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. The defendants have filed a motion to take judicial notice of the United States Supreme Court's denial of Hume's petition for a writ of certiorari in the underlying civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After judgment was entered in the underlying case, the defendants filed a motion for $3,644 in attorney's fees and $1.35 in copying costs. See 42 U.S.C. § 1988. Hume filed a response to the defendants' request for attorney's fees. The matter was referred to a magistrate judge who held an evidentiary hearing on the defendants' motion. Thereafter, the magistrate judge issued a report recommending that attorney's fees be granted. The district court adopted the report and recommendation after reviewing Hume's objection. Hume filed a timely appeal.
 
 
 3
 Upon review, we conclude that Hume has waived his right to appellate review. In his objection to the report and recommendation, Hume restated the arguments he asserted in the underlying case. In addition, Hume stated that the district court was in error when the court dismissed his complaint. Hume did not offer any reason why attorney's fees should not be granted. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interests of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), review of the appeal has not revealed any reason for doing so in this case.
 
 
 4
 Even if Hume had not waived his right to appellate review, we should have found his appeal to be without merit. A prevailing defendant should only recover attorney fees under section 1988 if the district court finds that " 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " Wayne, 36 F.3d at 530 (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)). This court has also explained that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir.1986). In order to be guilty of this kind of misconduct, a plaintiff must have asserted a claim found to have been frivolous, unreasonable, or groundless. Id.
 
 
 5
 In this case, both the district court and the Sixth Circuit ruled that the Tax Injunction Act (28 U.S.C. § 1341) precluded Hume from receiving the relief sought, and that Hume had a speedy and efficient remedy in the courts of Tennessee. Further, both courts concluded that Hume's reliance upon Nordlinger v. Hahn, 505 U.S. 1 (1992), was clearly inappropriate. We take judicial notice that the United States Supreme Court denied Hume's petition for a writ of certiorari in the underlying civil rights action on January 8, 1996. See Fed.R.App.P. 10. Since Hume's complaint was found to be meritless, groundless, and without foundation by the district court and the Sixth Circuit, and since the Supreme Court chose not to accept the case for review, the district court did not abuse its discretion in awarding attorney's fees and costs to the defendants.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.