89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric Lamont LACEY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Kenneth L. McGinnis, Defendants,
Denise Cole; Sherri Andrews, Defendants-Appellees.
 No. 95-1774.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1996.
 
 Before: MERRITT, Chief Judge; ENGEL and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Cedric Lamont Lacey, a pro se Michigan prisoner at the Alger Maximum Correctional Facility (AMCF), appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 2
 In an amended complaint brought against the supervisor of the property room at AMCF, and a mail room worker, Lacey alleged that three pieces of his legal mail were opened outside his presence. These included letters from Lacey's designated attorneys on November 8, 1993, and November 29, 1993, and mail from the Michigan Attorney General's office on December 3, 1993. Lacey maintained that these actions violated his request pursuant to PD-BCF-63.03 for special handling of legal mail. Lacey also maintained that the defendants' conduct violated his rights under the First, Sixth and Fourteenth Amendments.
 
 
 3
 The defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment pursuant to Fed.R.Civ.P. 56(c). Upon review of Lacey's complaint, the defendants' motion for summary judgment, accompanying attachments and Lacey's response, a magistrate judge recommended that the motion for summary judgment be granted. The district court adopted the report and recommendation after reviewing Lacey's objections. This timely appeal followed.
 
 
 4
 Upon review, we conclude that Lacey has waived his right to appellate review because he did not specifically object to the magistrate judge's report and recommendation. In his objections to the report recommending dismissal of the claims against defendants Andrews and Cole, Lacey maintained that the legal mail in question was "clearly marked Attorney Client" and that pieces of mail were missing. He offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding his claims.
 
 
 5
 This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interest of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), review of the appeal has not revealed any reason for doing so in this case. Lacey did not establish that either of the defendants was personally involved in the events giving rise to his claims. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Further, the defendants were entitled to qualified immunity because the contours of Lacey's alleged constitutional right to have his legal mail opened in his presence were not sufficiently clear that a reasonable official would understand that opening such items outside Lacey's presence violated that right. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lavado v. Keohane, 992 F.2d 601, 609-10 (6th Cir.1993). Thus, summary judgment was proper as there were no genuine issues as to any material fact and the defendants were entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.