### Austin B. JOHNSON; Brandon D. Johnson, Plaintiffs— Appellants,

### v.

### COMMISSIONER OF SOCIAL SECURITY, Defendant— Appellee.

### No. 03–6315.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Austin B. Johnson, Memphis, TN, pro se.

Brandon D. Johnson, Memphis, TN, pro se.

---

Before NELSON and SUHRHEINRICH, Circuit Judges; and LAWSON, District Judge.*

### ORDER

Austin B. Johnson and Brandon D. Johnson, pro se Tennessee residents, appeal a district court judgment dismissing their attempt to seek judicial review of the denial of social security disability benefits under 42 U.S.C. § 405(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 19, 1999, Austin Johnson filed a complaint seeking review of the decision of the Commissioner denying his application for disability benefits. Austin Johnson had filed an application for benefits on May 22, 1997, alleging a disability onset date of June 1, 1994. On October 27, 2000, the district court affirmed the decision of the Commissioner. Austin Johnson did not appeal this decision.

While his appeal from the denial of the May 22, 1997, application for benefits was pending, Austin Johnson filed a second application. The Commissioner reopened Johnson's case and awarded benefits from an onset date of May 9, 1999. On April 23, 2002, Austin and Brandon Johnson[1] filed a complaint against the Commissioner under 42 U.S.C. § 1983. Austin Johnson alleged that the Commissioner "violated his civil rights," violated "provisions of the Social Security Act," "did not prove his findings at step three in the sequential evaluation process in the initial claim," "did not meet his burden at step five in the sequential evaluation process in the initial claim," and made his decision "in bad faith." Johnson, claimed that he was entitled to benefits for a period prior to May 9, 1999, because he was disabled as of June 1, 1994. On May 6, 2003, the district court dismissed the complaint. Neither Johnson appealed this decision.

In their current action, the Johnsons claim that the Commissioner's determination of an onset date of May 9, 1999, is not supported by substantial evidence. Austin Johnson admits that he did not exhaust his administrative remedies before filing this lawsuit. The Johnsons allege that their claims are constitutional and collateral to the claim of benefits. Therefore, they argue, they are excused from the exhaustion requirement. The district court dismissed the complaint as frivolous.

The district court's order is reviewed de novo on appeal. See *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000).

The district court's jurisdiction to review the denial of social security benefits lies under § 405(g). See *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir.1991). In order to obtain judicial review, an initial determination on a claim must first be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. See 20 C.F.R. §§ 404.909, 404.920. After reconsideration, a hearing before an administrative law judge (ALJ) may be requested. See 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Brandon Johnson is apparently Austin Johnson's son, a minor.

Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision has been made, the claimant may then file an action to review the Commissioner's decision before the appropriate federal district court. See *Willis*, 931 F.2d at 396.

The Johnsons concede that they have not exhausted their administrative remedies with respect to the determination of a May 9, 1999, onset date. As there has been no final decision by the Commissioner, the district court lacked jurisdiction under § 405(g) to review that determination. See *id.* We are not persuaded by the Johnsons' attempt to characterize their claim as constitutional. The gist of the claim is simply that the Commissioner made an unsupported factual determination. In any event, the district court considered and rejected the Johnsons' constitution-based claims when it dismissed the complaint filed on April 23, 2002. That decision, which was not appealed, has preclusive effect.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The Johnsons' motion for discovery is denied.