**Billy G. NEWSOM, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 03–6129.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Billy G. Newsom, Antioch, TN, pro se.

Karen J. Aviles, Baltimore, MD, for Defendant–Appellee.

Before SILER, MOORE, and BALDOCK,* Circuit Judges.

## ORDER

Billy G. Newsom, a pro se Tennessee resident, appeals a district court order dismissing his complaint challenging his award of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Newsom filed an application for supplemental security income benefits and for social security disability insurance benefits on May 19, 1994. The applications were initially denied. However, on September 26, 1997, an administrative law judge (ALJ) found that Newsom had been disabled since May 9, 1994. The ALJ award-

* The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit,

ed Newsom supplemental security income benefits. The ALJ, however, failed to address Newsom's application for disability insurance benefits. The record does not establish that Newsom appealed the ALJ's decision.

On June 26, 1996, Newsom filed another application for disability insurance benefits. This application was denied initially and on reconsideration. A hearing before an ALJ was held on December 29, 1998. In a decision issued on January 27, 1999, the ALJ reopened the Commissioner's decision which awarded Newsom supplemental security income benefits. According to the ALJ, new and material evidence allowed the reopening because there was evidence that Newsom worked in 1994, 1995, and 1996. Further, the ALJ found that Newsom's 1995 and 1996 earnings showed the work qualified as substantial gainful activity. The ALJ found Newsom to be disabled and entitled to supplemental security income benefits in 1996, but not in 1994.

In addition, the ALJ found that Newsom was not insured for disability insurance benefits and denied Newsom's application. Newsom requested review of the ALJ's decision. On April 4, 2002, the Appeals Council informed Newsom that it would review the ALJ's decision. The Appeals Council subsequently found that collateral estoppel prevented the ALJ from revisiting the 1997 decision and reinstated Newsom's disability onset date of May 9, 1994. The Appeals Council also found that Newsom met the earnings requirements for disability insurance benefits as of January 1, 1997. As a result, Newsom became eligible for a period of disability insurance benefits beginning January 1, 1997.

sitting by designation.

Newsom then filed a civil action with the district court. Newsom stated that the court's jurisdiction was "PL 93–112." Due to the confusion regarding the issues raised by Newsom, a hearing was held by the district court. Based on the hearing, the district court concluded that Newsom was not challenging the award of benefits. Rather, he was attempting to obtain benefits back to 1973. The district court found that Newsom's challenge was under the Radiation–Exposed Veterans Compensation Act of 1988, 38 U.S.C. § 1112(c). Upon de novo review of a magistrate judge's report, the district court affirmed the Commissioner's decision.

On appeal, Newsom's brief is construed as raising the same arguments which he presented to the district court.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

Regarding Newsom's challenge under the Radiation–Exposed Veterans Compensation Act, the court's jurisdiction to review a decision regarding social security benefits by the Commissioner is provided for under 42 U.S.C. § 405(g). *See Willis v. Sullivan,* 931 F.2d 390, 396 (6th Cir. 1991). The Radiation–Exposed Veterans Compensation Act is not applicable to this case. Any relief Newsom may obtain regarding his award of benefits must be pursuant to § 405(g).

In this respect, Newsom's brief is construed as arguing that he is entitled to disability benefits since March of 1973.

However, under 20 C.F.R. § 404.621, if a person files an application for disability insurance benefits, he may receive benefits for up to twelve months immediately before the month in which his application was filed. Under 20 C.F.R. § 416.335, supplemental security income benefits are payable starting the month following the day in which the application was filed. Therefore, Newsom's 1994 and 1996 applications for benefits would not entitle him to benefits as far back as 1973.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.