**Marlon T. SANDERS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

Nos. 03–6407, 03–6408.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Marlon T. Sanders, Norcross, GA, pro se.

Before: KEITH and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

### ORDER

Marlon T. Sanders, a pro se Georgia resident, has filed two appeals from a district court judgment dismissing his attempt to obtain social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 4, 2002, Sanders filed his complaint stating that he had been denied his social security disability benefits. Sanders did not provide the court with any details regarding his application. On December 6, 2002, January 10, 2003, and April 9, 2003, the district court ordered Sanders to amend his complaint to demonstrate that his complaint was filed within sixty days after the mailing of the final decision of the Commissioner of the Social Security Administration. The first two orders were not properly served on Sanders. In his reply to the April 9th order, Sanders failed to respond to the district court's request for further information. Since Sanders failed to establish that the court had jurisdiction pursuant to the time requirements of 42 U.S.C. § 405(g), the district court dismissed the complaint.

Sanders then filed three notices of appeal from the district court's judgment. One appeal, No. 03–6409, has been dis-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

missed by this court, leaving the current two appeals still pending. Attached to his first notice of appeal is a letter from the Social Security Administration indicating that on September 21, 2002, the Appeals Council had denied Sanders's request to review an administrative law judge's (ALJ) decision. The letter, dated October 20, 2002, gave Sanders an additional forty-five days to file his complaint with the appropriate United States District Court. In his two identical briefs, Sanders states that the district court did not understand his condition, that his condition will not improve, and that he merely wants his benefits.

The district court's judgment is reviewed de novo. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000).

The district court's jurisdiction to review the denial of social security disability benefits is provided for under § 405(g). *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir.1991). In order to obtain judicial review, an initial determination must be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. *See* 20 C.F.R. §§ 404.909, 404.920. After reconsideration, a hearing before an ALJ may be requested. *See* 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision is made, the claimant may then file an action for review of the Commissioner's decision before the appropriate federal district court. *See Willis*, 931 F.2d at 396.

The letter attached to Sanders's first notice of appeal shows that the Appeals Council denied review of the ALJ's decision on September 21, 2002. Despite being granted an additional forty-five days to file a complaint on October 20, 2002, by the Social Security Administration, Sanders filed his complaint on November 4, 2002. Thus, the complaint was filed well within the original sixty-day time period from the Appeals Council's September 21st decision. As Sanders filed his complaint within the sixty-day period set forth in § 405(g), the district court had jurisdiction to review Sanders's case.

Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.