Paul E. WABEKE, Plaintiff–Appellant,

v.

Andrew J. MULDER, Defendant–Appellee.

Calvin L. Bosman, Judge and Harry Beach, Judge, Defendants.

No. 03–2235.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Rehearing Denied Aug. 13, 2004.

Paul E. Wabeke, Holland, MI, for Plaintiff–Appellant.

Ronald J. VanderVeen, Holland, MI, for Defendant–Appellee.

James E. Long, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Defendants.

Before KRUPANSKY and COLE, Circuit Judges; and COOK, District Judge.*

*ORDER*

Paul E. Wabeke, a Michigan resident proceeding pro se, appeals a district court order dismissing his civil action that sought an order to overturn injunctions issued against him by two state court judges in an effort to deter Wabeke from filing frivolous lawsuits. Wabeke has filed a motion for judgment on the pleadings. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wabeke filed this lawsuit on April 3, 2003, against an Ottawa County Circuit Court Judge (Calvin L. Bosman), an Allegan County Circuit Court Judge (Harry Beach), and a Holland, Michigan City Attorney (Andrew J. Mulder). Defendants Bosman and Beach issued injunctions against Wabeke. Attorney Mulder defended the City of Holland in two lawsuits in which the state courts found that injunctive relief against Wabeke was warranted.

On May 15, 2003, the district court granted a motion to dismiss filed by Judges Bosman and Beach, dismissing Wabeke's claims against them with prejudice. Thereafter, on May 20, 2003, defendant Mulder filed a motion to dismiss, to which Wabeke responded. The district court granted the defendant's motion and dismissed the action pursuant to the provisions of Fed.R.Civ.P. 12(b)(1), concluding that the court lacked subject matter jurisdiction over the claims asserted in the complaint. Wabeke has filed a timely appeal.

We review de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction. *Friends of Crystal River v. United States EPA,* 35 F.3d 1073, 1077–78 (6th Cir.1994); *Willis v. Sullivan,* 931 F.2d 390, 395 (6th Cir. 1991). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

Upon review, we conclude that the district court properly dismissed Wabeke's complaint for lack of subject matter jurisdiction. Because Wabeke's complaint merely reflected his dissatisfaction with the permanent injunction issued by the state court regarding his filing of further litigation and essentially sought federal court review of that state court order, the *Rooker–Feldman* doctrine precludes the exer-

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

cise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *see also Blanton v. United States,* 94 F.3d 227, 233–34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 476, 103 S.Ct. 1303.

Accordingly, the district court's order is affirmed. The motion for judgment on the pleadings is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.