**Dwight M. BAKER, Plaintiff–Appellant,**

v.

**MICHIGAN FAMILY INDEPENDENCE AGENCY, WAYNE COUNTY, et al., Defendants–Appellees.**

No. 03–1022.

United States Court of Appeals, Sixth Circuit.

July 16, 2003.

Before DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

## ORDER

Dwight M. Baker, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 25, 2002, Baker filed a complaint against the Wayne County, Michigan, Family Independence Agency ("WCFIA"), WCFIA Director Jerome Ruthland, and WCFIA District Manager Jeffrey Williams. Baker subsequently filed an amended complaint to name the following additional defendants: Judge Francis Pitts, Judge Cathie Maher, Judge Freddie Burton, Jr., Attorney Michael Smith, WCFIA Employee Michael Patterson, WCFIA Supervisor Roger Christ, WCFIA Social Worker Marjorie Bowens, Attorney Eric Handy, Attorney Jerome Crawford, and former WCFIA Director Samuel Chamber, Jr. The defendants were all involved in some way with prior state court probate proceedings involving Baker's son, Andre. Pursuant to a 1996 Wayne County Probate Court order, Baker's parental rights were terminated and permanent custody of Andre was awarded to the probate court. Baker alleged that the defendants violated, and conspired to violate, his federal and state constitutional rights during the probate court proceedings. As relief, Baker sought $250,000,000 in damages, permanent custody of Andre, "all court records to be open for public inspection(s) and criminal charges against defendants."

The district court dismissed Baker's complaint, in part, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), because it failed to state a claim upon which relief may be granted against Pitts, Maher, and Burton. The court denied Baker's motion for reconsideration of that order. The district court subsequently dismissed Baker's complaint against the remaining defendants for lack of subject matter jurisdiction. Baker has filed a timely appeal. He has also filed a motion to change the case caption and to recuse Judge Nancy G. Edmunds.

We review de novo a district court's decision to dismiss an action for lack of

subject matter jurisdiction. *Friends of Crystal River v. United States Envtl. Protection Agency,* 35 F.3d 1073, 1077–78 (6th Cir.1994); *Willis v. Sullivan,* 931 F.2d 390, 395 (6th Cir.1991). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

Upon review, we conclude that the district court properly dismissed Baker's complaint for lack of subject matter jurisdiction. Because Baker's complaint merely reflected his dissatisfaction with the state court order regarding permanent custody of his son and essentially sought federal court review of that state court order, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *see also Blanton v. United States,* 94 F.3d 227, 233–34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 476, 103 S.Ct. 1303.

Accordingly, the motion to change the case caption and to recuse Judge Edmunds is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.