NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0057n.06

Case No. 22-5207

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MEMPHIS A. PHILIP RANDOLPH INSTITUTE, et al., | ) ) ) | **FILED** Jan 26, 2023 DEBORAH S. HUNT, Clerk |
| Plaintiff - Appellees, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| TRE HARGETT, et al., | ) ) | |
| Defendant - Appellants. | ) ) ) | OPINION |

Before: MOORE, GIBBONS, and READLER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The plaintiffs in this case, Tennessee voters and advocacy organizations, obtained a preliminary injunction against enforcement of certain Tennessee absentee voting requirements during the 2020 election. On appeal, we vacated the preliminary injunction and held that the case was moot. Based on the plaintiffs' initial success in obtaining the preliminary injunction, the district court awarded them attorney fees. On appeal, the defendant Tennessee officials argue only that the plaintiffs were not prevailing parties because of our decision vacating the preliminary injunction. Because the defendants failed to preserve that argument in the district court, we affirm.

I.

On May 1, 2020, the plaintiffs filed a complaint challenging several aspects of Tennessee's absentee voting process under the First and Fourteenth Amendments of the United States Constitution. The plaintiffs subsequently amended their complaint to add a claim challenging a

Tennessee statutory provision requiring voters who register by mail to appear in person the first time they vote. *See* Tenn. Code § 2-2-115(b)(7). On September 9, 2020, the district court granted a preliminary injunction against enforcement of the first-time voter requirement. In doing so, the district court determined that the plaintiffs had associational standing based on the standing of one member of one of the organizations. The preliminary injunction remained in effect throughout the 2020 election.

On appeal, we held that the case was moot because the member on whose standing the district court relied had separately become ineligible to vote absentee in Tennessee pursuant to an August 5, 2020, decision of the Tennessee Supreme Court. *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021). We also determined that the "capable of repetition, yet evading review" exception to mootness did not apply because the plaintiffs' claims depended on the COVID-19 pandemic, which was unlikely to have a comparable impact in future elections as in 2020. *See id.* at 560–61. For those reasons, we vacated the preliminary injunction. *Id.* at 561.

The plaintiffs moved for attorney fees in the district court. The magistrate judge assigned to the case issued a report which recommended granting the plaintiffs' motion. The defendants objected on two grounds. First, the defendants argued that the plaintiffs were not prevailing parties because they had succeeded in obtaining only a preliminary rather than a permanent injunction. Second, they argued that the amount of attorney fees should be reduced. The district court overruled the defendants' objections, adopted the magistrate judge's report, and granted the plaintiffs' motion for attorney fees.

On appeal, the defendants argue only that the plaintiffs were not prevailing parties in light of our previous opinion in this case vacating the preliminary injunction. More specifically, they

argue that the plaintiffs are not entitled to fees because our previous opinion establishes that this case was already moot on September 9, 2020, such that the district court lacked jurisdiction to enter the preliminary injunction. The plaintiffs contend that the defendants have forfeited this argument by failing to preserve it in the district court. The defendants have two responses. First, they say that they preserved their argument in the district court. Second, even if they forfeited their argument, they ask us to excuse their forfeiture and consider it on appeal.

## II.

Whether a party qualifies as a "prevailing party" so as to support an award of attorney fees pursuant to 42 U.S.C. § 1988(b) is a legal question that we review de novo. *See Planned Parenthood Sw. Ohio Region v. DeWine*, 931 F.3d 530, 538 (6th Cir. 2019) (citing *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007)).

## III.

A party forfeits appellate review of an argument that it fails to include in its objections to a magistrate judge's report in the district court. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Here, the defendants' sole argument on appeal is one they did not include in their objections to the magistrate judge's report: they argue that the preliminary injunction in this case cannot make the plaintiffs "prevailing parties" because of our opinion vacating that injunction. In their objections to the magistrate judge's report, the defendants instead contested the plaintiffs' status as prevailing parties only by arguing that the plaintiffs had never succeeded in obtaining a

3

permanent injunction. Those are two different arguments: one relies on the fate of the preliminary injunction itself on appellate review, while the other relies on the plaintiffs' failure to obtain further remedies aside from the preliminary injunction. Because the defendants failed to raise their only argument on appeal in their objections to the magistrate judge's report, they have forfeited that argument for our consideration now.

The defendants argue that they preserved the argument they advance now by including the following sentence in their objections to the magistrate judge's report: "Plaintiffs are not prevailing parties entitled to recover their attorney's fees under 42 U.S.C. § 1988." CA6 R. 23, Reply Br., at 4 (citing DE 167, Obj., Page ID 3493). That bare legal conclusion, which makes no mention of any argument in support, let alone the particular argument the defendants ask us to consider now, falls short of our case law's requirement of "specific objections" to a magistrate judge's report. *Willis*, 931 F.2d at 401.

Alternately, the defendants ask us to excuse their forfeiture and consider their argument on appeal. First, the defendants say that the district court considered the argument they advance now in its opinion adopting the magistrate judge's report. The district court's relegation of that issue to a footnote beginning with "[o]ne might wonder," however, suggests that the district court correctly perceived the argument was not properly before it because the defendants had not made it. DE 169, Mem. Op. and Order, Page ID 3519 n.2. In any event, our case law does not provide for a general exception to forfeiture rules whenever a district court discusses an issue *sua sponte*; instead, we have only occasionally relied on this basis to excuse a forfeiture in atypical circumstances. *Cf. Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 714–715 (6th Cir. 2001) (party asserting forfeiture had itself forfeited that issue); *Kelly v. Withrow*, 25 F.3d 363, 369–70 (6th Cir. 1994) (considering habeas petitioner's argument where objections expressly incorporated

earlier argument and district court addressed it). In this case, the district court's hypothetical footnote, issued without the benefit of adversary briefing on the relevant issue because of the defendants' forfeiture, provides an insufficient basis to excuse that forfeiture.

Second, the defendants argue that this is an "exceptional case[]" that would result in a "miscarriage of justice" if we do not review their argument. CA6 R. 23, Reply Br., at 8 (quoting *Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021)). We have identified four non-exclusive factors that guide the exercise of our discretion to review issues not properly preserved in the district court: 1) whether the forfeiting party raises a question of fact or law; 2) whether resolution of the question is "clear and beyond doubt;" 3) whether failure to address the question would result in a miscarriage of justice; and 4) "the parties' right under our judicial system to have the issues in their suit considered by both a district judge and an appellate court." *Johnson*, 13 F.4th at 504 (quoting *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545 (6th Cir. 1996)).

Although the defendants' argument presents a question of law, its proper resolution is not "clear and beyond doubt." *Id.* Instead, addressing the defendants' argument would require us to determine, among other things, whether this case was already moot when the district court issued the preliminary injunction, something our previous opinion did not address. *See Randolph Inst.*, 2 F.4th at 561 ("In conclusion, plaintiffs have failed to justify the *continuing* need for the preliminary injunction.") (emphasis added). Further, affirmance of the district court's order, which concerned only attorney fees rather than the merits of the underlying dispute, would not represent a "miscarriage of justice," *Johnson*, 13 F.4th at 504; the defendants have abandoned any argument that the attorney fees are excessive, and they have identified no special hardship that their imposition would create. Declining to excuse the defendants' forfeiture also would not violate their right to have their arguments considered by both a district and an appellate court—a right

they failed to exercise without adequate explanation when they presented one set of arguments to the district court, but then pursued only a separate argument on appeal. *Id.* Thus, the *Johnson* factors do not favor our consideration of the defendants' forfeited argument, and we decline to excuse their forfeiture.

IV.

We affirm.