NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0053n.06

Case No. 23-5494

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 02, 2024
KELLY L. STEPHENS, Clerk

MICHAELJAMES TAYLOR WOOD, )
)
    Plaintiff-Appellant, )
) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE EASTERN
) DISTRICT OF TENNESSEE
COMMISSIONER OF SOCIAL SECURITY, )
) OPINION
    Defendant-Appellee. )
)
)

Before: SILER, NALBANDIAN, and MATHIS, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Michaeljames Wood received disability benefits as a child. When he turned eighteen, the Social Security Administration (SSA) reexamined his case and found he was not disabled. Wood may have been eligible to keep receiving benefits because he participated in a vocational rehabilitation program. But Wood failed to exhaust his administrative remedies, so we AFFIRM the district court's dismissal of his case.

**I.**

As a child, Wood received supplemental security disability benefits under Title XVI of the Social Security Act of 1935. Wood turned eighteen on December 31, 2015. Because Wood turned eighteen, SSA reexamined his eligibility for disability benefits. In March 2016, Wood submitted an adult disability report. If Wood was participating in vocational rehabilitation, he might have had a claim for continued benefits, known as § 301 benefits.[1]  *See* 42 U.S.C. § 1383(a)(6). But in

---

[1] *See* Social Security Disability Amendments of 1980, Pub. L. No. 96-265, § 301, 94 Stat. 441, 449–50 (codified in part at 42 U.S.C. § 1383).

that March report, Wood said he was not participating in a vocational rehabilitation program.[2]  SSA concluded in a July 2016 letter that Wood was not disabled under the disability rules for adults.

Wood asked SSA to reconsider that decision.  He again denied participation in vocational rehabilitation in a disability report dated August 2016.  After a hearing, SSA again determined that Wood was not disabled in March 2018.  The hearing officer's report said that Wood was not receiving any vocational rehabilitation.

Next, Wood requested a hearing before an administrative law judge (ALJ).  The hearing request form did not mention vocational rehabilitation or any claim to § 301 benefits and only claimed that Wood was still disabled.  Wood attended the hearing pro se on October 11, 2018, and August 29, 2019.  At the hearing, Wood presented some evidence of vocational rehabilitation, but he never explicitly asked the ALJ to continue his benefits based on that vocational rehabilitation.  The ALJ issued a written decision in January 2020 that listed Wood's disability status as the only issue for review.  The ALJ found Wood was not disabled.[3]

Wood asked the Appeals Council to review the ALJ's decision based on his participation in "an appropriate program of vocational rehabilitation services."  A.R. 210.  Wood's point seemed to be that participation would entitle him to § 301 benefits.  The Appeals Council denied Wood's request for review on September 29, 2020.  The denial included the following paragraph:

---

[2] Wood's mother may have completed this report and others like it for Wood.  But we still speak of Wood filling out forms and filing documents that others may have submitted on his behalf.

[3] Wood moved to alter or amend the ALJ's decision on February 28, 2020, arguing that he should receive § 301 benefits.  The motion claimed that the ALJ had jurisdiction to reopen and revise its decision "[b]ecause the claimant has not requested Review by the Appeals Council."  A.R. 506.  The ALJ expressed willingness to reopen the case.  But on March 25, 2020, Wood did petition the Appeals Council for review.  Wood suggested that the Appeals Council should remand the case to the ALJ in a letter dated August 7, 2020.  But the Appeals Council denied review instead.

> You were advised in the Notice for Continuing Disability Review issued on January 20, 2016, that your benefits may continue if you were taking part in certain vocational rehabilitation or similar programs, and that you should inform the local Social Security office about any program you were taking part in when you provided needed information during and after the Continuing Disability Review. Determination of eligibility for Section 301 benefits is made separately from a determination of medical cessation (POMS DI 14510.003 and 14510.035). Any questions about your enrollment and participation in vocational rehabilitation or your eligibility for continued benefits under Section 301 should be directed to your local Social Security office.

*Id.* at 1. Wood does not claim to have ever contacted his local Social Security office as directed.

Instead, Wood filed a complaint on November 21, 2020, that asked the district court to reinstate his benefits based on his participation in vocational rehabilitation. SSA moved for summary judgment and to dismiss, and the district court, adopting the magistrate judge's report and recommendation in full, dismissed the case on March 28, 2023. The report and recommendation found that the court lacked jurisdiction to review whether Wood was entitled to § 301 benefits because SSA had not made a final decision on the issue. R.31, R&R, p. 9, PageID 1169. In the alternative, the magistrate judge found remand unnecessary because Wood had an available remedy—"pursuing his claim for Section 301 benefits through his local Social Security office." *Id.* at 8–9, PageID 1168–69.

Wood timely appealed on May 26, 2023. We review the district court's finding that it lacked jurisdiction de novo. *Cathedral Rock of N. Coll. Hill, Inc. v. Shalala*, 223 F.3d 354, 358 (6th Cir. 2000).

## II.

Wood relies on 42 U.S.C. § 405(g) to establish jurisdiction. Section 405(g) permits review of "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party," and 42 U.S.C. § 1383(c)(3) provides that determinations under Title XVI can also be reviewed "as provided in section 405(g)." Wood has not obtained any agency decision,

let alone a final decision, on the issue of § 301 benefits. Only the Appeals Council formally addressed the issue, and it told Wood that "[a]ny questions about your enrollment and participation in vocational rehabilitation or your eligibility for continued benefits under Section 301 should be directed to your local Social Security office."

Exhaustion "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (cleaned up). Arguably, the non-waivable "jurisdictional" bar does not apply here: Wood presented evidence of vocational rehabilitation before the ALJ, he asked the ALJ to alter or amend her decision based on the § 301 issue, and he also raised the issue before the Appeals Council.

Regardless, Wood did not exhaust all available administrative remedies. When SSA offers additional process, the claimant must also exhaust those avenues of possible relief. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). In *Willis*, the Appeals Council decided on remand from the district court that a determination on "the income and resource provisions of the Act" was needed. *Id.* at 392–93. So SSA essentially restarted its review process, providing an initial decision and notifying Willis that she could request reconsideration. *See id.* at 397. Willis instead moved for contempt or mandamus. *Id.* at 394. But we concluded that she failed to exhaust her administrative remedies. *Id.* at 397. We said that "once the Secretary had established that further administrative relief was available, Willis was required to pursue that course of action before proceeding to federal court." *Id.* at 398.

Like Willis, Wood had access to further administrative relief, so he had to pursue that relief before resorting to federal court. SSA decides and reviews § 301 determinations separately from the question of whether a disability exists. So when the Appeals Council denied Wood's request

4

for review in September 2020, it claimed that Wood had been advised in 2016 that he should "inform the local Social Security office" about any vocational rehabilitation program he had been utilizing. A.R. 1. And the Appeals Council reiterated, "Any questions about your enrollment and participation in vocational rehabilitation or your eligibility for continued benefits under Section 301 should be directed to your local Social Security office." *Id.* By not following the Appeals Council's directions, Wood failed to exhaust his administrative remedies.[4]

The non-jurisdictional exhaustion requirement can be waived. But Wood does not argue that waiver or an exception to exhaustion applies. The district court correctly dismissed Wood's case for lack of jurisdiction.

## III.

For these reasons, we **AFFIRM** the judgment below.

---

[4] Wood also argues that the ALJ failed to develop the record, but only in relation to whether the administrative record has sufficient evidence about his claim for § 301 benefits. So we do not address that argument.